UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ,<br>　　　　Plaintiffs<br><br>　　　v.<br><br>REYNALDO GUEVARA, *et al.*,<br>　　　　Defendants | No. 23 CV 1737<br><br>Judge Jeremy C. Daniel |

## ORDER

The plaintiffs' motion concerning third-party depositions [83] is granted in part and denied in part. The defendants shall examine witnesses Fred Rock, Jondalyn Fields, and Nelson Pacheco first at their respective depositions; the plaintiffs shall examine witness Daniel Violante first at his deposition.

## STATEMENT

This discovery dispute primarily concerns the order of examination of several witnesses that both sides have subpoenaed for deposition. The plaintiffs claim that the Court should allow the party that served a given witness first to examine the witness first. But Fed. R. Civ. P. 26(d) did away with the priority rule the plaintiffs cite and authorizes the Court to order the sequence of discovery. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion . . . to dictate the sequence of discovery.").

The plaintiffs also note that Fed. R. Civ. P. 30(c)(1) requires "the examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence," which they claim dictates that plaintiffs should go first with witnesses they intend to call at trial. But this rule does not address who gets to go first. Many depositions involve individuals subpoenaed by the party that does not intend to call the deponent at trial, yet the rule applies. This undercuts the notion that this rule addresses sequencing. Moreover, if we were at trial, the plaintiffs would go first during their case-in-chief and the defendants would go first during their case-in-chief. We are not at trial, and both parties have subpoenaed the same witnesses. Since the goal here is to have the witnesses sit for one deposition despite having received subpoenas from each side, each party could argue that their subpoena is analogous to calling the witness in their case-in-chief and gives them the right to go first.

The plaintiffs next claim that allowing them to go first will aid in the jury's comprehension of the evidence at trial. This argument is not persuasive. I suspect the lawyers will go into these depositions with an understanding of the testimony they need to elicit from each witness. As such, they will draft questions aimed at eliciting that testimony in the manner that will best serve their clients' interests.

The defendants propose that the parties "draft" witnesses, which essentially would require the parties to take turns picking witnesses with the understanding that the party that picked the witness will go first during that witness's deposition. The plaintiffs oppose this method, and I see no need to impose such a compromise on an unwilling party. Instead, I will exercise my discretion and set the order of examination for each of the four contested depositions.

The defendants argue that witness alignment should determine which side should go first. I agree that this is a factor to consider here. But I will start my analysis with whether a party controls or has access to a given witness prior to either deposition or trial. If they do, then fairness requires giving the party without access the option to go first. Then I will consider witness alignment, along with other equitable considerations.

The witnesses at issue are Fred Rock, Jondalyn Fields, Nelson Pacheco, and Daniel Violante. At the motion hearing, plaintiffs' counsel represented that they will not have the ability to prepare Mr. Rock prior to his deposition. Defense counsel raised plaintiffs' counsel past involvement with Mr. Rock during another proceeding, during which plaintiffs' counsel corresponded with Mr. Rock and provided him with a device to use during his testimony. But there is no evidence of current coordination between plaintiffs' counsel and Mr. Rock, so this consideration is neutral. Mr. Rock previously testified in a criminal case against one of the defendants in this case. The plaintiffs intend to call Mr. Rock to testify in their case-in-chief and expect him to testify that one defendant in this case told another defendant in this case to frame one of the plaintiffs in this case for murder. While I do not believe that a witness is aligned with one party simply because the witness will provide testimony favorable to that party, this is a witness who has testified against one of the defendants in the past and who participated in post-conviction proceedings favorable to one of the plaintiffs. That past coordination and familiarity with the witness favors the defendants. The defendants will examine Mr. Rock first.

At the motion hearing, plaintiffs' counsel anticipates being able to prepare Ms. Fields for trial. Moreover, Ms. Fields is expected to corroborate Mr. Rock's testimony about the plan to frame one of the plaintiffs, which places her in the same category as Mr. Rock. As such, the defendants will examine Ms. Fields first.

At the motion hearing, plaintiffs' counsel represented that they do not know whether they will have access to Daniel Violante prior to his deposition or in advance of trial.

In a supplemental filing, plaintiffs' counsel disclosed a contact with Mr. Violante during which Mr. Violante confirmed his availability for deposition and that he expected to testify consistent with his 2019 and June 2022 statements. This is a witness who testified against one of the plaintiffs but later recanted that testimony. The defendants provided additional context for these events in their response to the plaintiffs' motion, which establishes that Mr. Violante's anticipated testimony would benefit the plaintiffs in this case. But that does not necessarily "align" Mr. Violante with the plaintiffs. Given that Mr. Violante has past experience with both sides, and given that I've decided the defendants will go first with Mr. Rock and Mr. Fields, I will allow the plaintiffs to examine Mr. Violante first to maintain balance.

In their response to the plaintiffs' motion and at the motion hearing, defense counsel explained that Mr. Pacheco had a pre-existing relationship with the plaintiffs, which plaintiffs' counsel did not dispute. Mr. Pacheco is expected to identify someone other than the plaintiffs as the "true perpetrator" of an offense. The prior relationship between the plaintiffs and Mr. Pacheco, as well as the anticipated testimony, warrant the defendants examining Mr. Pacheco first.

This dispute also concerns the timing of depositions. To the extent there has been delay in scheduling depositions, the Court encourages the parties to schedule any remaining depositions so that the parties can complete them prior to the close of fact discovery, which the Court anticipates setting after receiving the parties' proposed schedule in January 2024. I encourage the parties to schedule all remaining depositions as soon as possible.

Date: 1/5/2024

JEREMY C. DANIEL
United States District Judge

3