IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | Hon. Jeremy C. Daniel |
| v. | ) ) | District Judge |
| REYNALDO GUEVARA, *et al.*, | ) ) ) | Hon. Heather K. McShain Magistrate Judge |
| *Defendants*. | ) ) | **JURY TRIAL DEMANDED** |

### MOTION TO COMPEL DEFENDANT JOSEPH MIEDZIANOWSKI TO SIT FOR A VIDEOTAPED DEPOSITION

Plaintiffs, Juan and Rosendo Hernandez, pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, respectfully submits the following Motion to Compel Defendant Joseph Miedzianowski to sit for a videotaped deposition as follows:

1. Defendant Joseph Miedzianowski ("Miedzianowski") is serving a life sentence for leading a criminal conspiracy while he was also working as a Chicago police officer.

2. Plaintiffs' Complaint alleges that, in furtherance of his criminal conspiracy, Miedzianowski instructed Defendant Guevara to pin a murder on Plaintiff Juan Hernandez and that Defendant Guevara and the other Defendants, in turn, fabricated a case against both Plaintiffs. Dkt. 1 ¶¶ 4-10.

3. According to the Federal Bureau of Prisons website, Miedzianowski is 71 years old. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 29, 2024).

4. On May 30, 2024, Plaintiffs filed a Motion for Leave to Depose an Incarcerated

Defendant Miedzianowski. Dkt. 114. On June 10, this Court granted leave for Plaintiffs to depose Miedzianowski—who is currently confined at Federal Correctional Institution – Pekin ("FCI Pekin")—and granted leave to record the deposition testimony by video and court transcription. Dkt. 117.

5. On June 12, Plaintiffs communicated with a representative from FCI Pekin named Ricky McMillan that "The parties were granted a court order for leave to depose Mr. Miedzianowski and record the deposition via court reporter and videography." Ex. 1.

6. Plaintiffs sent Defendant Joseph Miedzianowski a notice of deposition on June 17, 2024. Ex. 2.

7. On July 30, Miedzianowski's attorney Brian Gainer ("Gainer") asked to reschedule the deposition. Ex. 3.

8. Plaintiffs' counsel sent several emails requesting dates to reschedule Miedzianowski's deposition. Ex. 3.

9. On September 30, Gainer informed Plaintiffs' counsel that Miedzianowski was willing to sit for a deposition but would not agree to participate in a video recorded deposition. Ex. 4.

10. On October 4, the parties complied with Local Rule 37.2 when they conferred about Miedzianowski's refusal to sit for a videotaped deposition. Gainer reiterated that his client would refuse to come out of his cell should the parties attempt to videotape any deposition. Gainer explained that Miedzianowski was not willing to do so even under an "attorneys' eyes only" protective order.

11. On October 18, after additional conferrals, Plaintiffs informed Gainer that they intended to file a motion and asked Gainer if his client had reconsidered his position. Ex. 5.

12. On October 24, Gainer reiterated via email that Miedzianowski would not sit for a videotaped deposition. Ex. 6.

13. This Court has already granted Plaintiffs' request for an Order requiring Defendant Miedzianowski to sit for a videotaped deposition in this matter. He is simply refusing to comply with the Court's Order.

14. Moreover, Fed. R. Civ. Pro. 30(b)(3)(A) provides that deposition "testimony may be recorded by audio, audiovisual, or stenographic means." Every deposition of a party in this case will be videotaped, as is common practice in these cases. This includes Plaintiffs, who will each be asked to sit for videotaped depositions and will do so in accordance with the Rules. A videotaped deposition is simply the best medium to document all verbal and nonverbal responses to deposition questions. There is no reason Defendant Miedzianowski should be singularly allowed to flout this Court's Order and the Rules.

15. Of course, Plaintiffs do not seek to burden the Court with motion practice when it can be avoided. But here, it cannot. Miedzianowski had a critical role in Plaintiffs' underlying wrongful convictions, providing the motive and direction to frame Plaintiffs. Based on Defendants' answers, they refute this claim. Thus, a jury will have to weigh the credibility of Miedzianowski's claims against those of Plaintiffs. The opportunity to see him answering questions on video is of course vital to a fair assessment. In addition, given his age and his conditions of living, there is an unfortunate reality that he may be unavailable at the time of trial.

16. Put simply, Plaintiffs have a vested interest in ensuring Miedzianowski's deposition is videotaped in case he is unavailable, or unwilling to testify at trial. Indeed, his recent conduct itself causes concern about whether he will even show up at trial, let alone take the stand and be subjected to cross-examination in front of a jury.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter an order compelling Defendant Miedzianowski to sit for a video recorded deposition and grant any such further relief as this Court deems just, necessary, or proper.

RESPECTFULLY SUBMITTED,

/s/ Sean Starr
*Counsel for Plaintiffs*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Annie Prossnitz
Alyssa Martinez
Quinn Rallins
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
sean@loevy.com

**CERTIFCATE OF SERVICE**

I, Sean Starr, an attorney, certify that on October 30, 2024, I caused the foregoing motion to be filed using the Court's CM/ECF System, which effected service on all counsel of record.

/s/ Sean Starr
*One of Plaintiffs' Attorneys*