IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ | Case No. 23 CV 01737 |
| Plaintiff, | |
| | Hon. Jeremy C. Daniel |
| vs. | |
| | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, GERILYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN and ROBERT DEGRAFF, JOSEPH MIEDZIANOWSKI, JOEL BEMIS, ROBERT BIEBEL, and the CITY OF CHICAGO | JURY DEMAND |
| Defendants. | |

**DEFENDANTS' JOINT *PARTIALLY OPPOSED* MOTION
TO EXTEND FACT DISCOVERY**

Defendants, by their undersigned attorneys, jointly move (partially opposed) for an extension of the fact discovery deadline up to and including April 30, 2025, pursuant to Federal Rule of Civil Procedure 16(b)(4), and state:

1. The parties agree an extension is necessary to complete the remaining fact discovery but disagree on the amount of time necessary to complete the remaining fact discovery. Defendants move for a six-month extension of fact discovery, until April 30, 2025, while Plaintiffs believe a one-and-a-half-month extension, until December 15, 2024, is sufficient. Plaintiffs have requested ten days to file a response to this partially opposed motion.

2. This motion is not brought for purposes of delay, but to ensure that the parties are able to fully conduct all discovery necessary for their claims and defenses. No party will suffer any prejudice because of the granting of this motion.

**Procedural Background**

3. On March 21, 2023, Plaintiffs Juan and Rosendo Hernandez filed their 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers— arising out of their arrest, prosecution, and conviction for the June 27, 1997, murder of Jorge Gonzalez and attempted murder of Juan Carlos Cruz. (Compl., Dkt. 1.)

4. On June 30, 2023, Plaintiffs subsequently moved to appoint special representatives for two of the defendants that were deceased — Robert DeGraff and Ernest Halvorsen. (Dkt. 39.) This motion was granted on September 26, 2023. (Dkt. 57.)

5. Two days later on September 28, 2023, Plaintiffs filed their operative complaint naming Geri Lynn Yanow as Special Representative of deceased defendants Halvorsen and DeGraff. (Dkt. 58.) Defendants answered Plaintiffs' operative complaint on October 30 and 31, 2023. (Dkt. 78, 79, 80, 81.)

6. Meanwhile, the parties also attempted to negotiate priority in questioning certain key witnesses in this case. While the parties were able to agree on some witnesses, ultimately the parties were at an impasse on witnesses Daniel Violante, Nelson Pacheco, Fred Rock and Jondalyn Fields. As a result, Plaintiffs filed a Motion to Compel Defendants to Proceed with Third Party Depositions on December 6, 2023. (Dkt 83.) After numerous supplemental motions were filed, this issue was fully briefed on January 4, 2024. (Dkt. 83, 89, 93, 95, 97.)

7. On January 5, 2024, this Court entered an order granting in part and denying in part Plaintiffs' motion, granting Defendants priority over Fred Rock, Jondalyn Fields, and Nelson Pacheco; and Plaintiffs' priority over Daniel Violante. (Dkt. 98.)

8. On January 10, 2024, in light of the Court's recent rulings, the parties submitted an amended proposed discovery schedule, wherein the parties took competing positions on the

time needed to complete discovery. (Dkt. 100.) Plaintiffs' position was that discovery could be completed on or before March 29, 2024, whereas Defendants' position was that the parties needed additional time up to and including October 31, 2024, to complete fact discovery. (*Id*.) This Court adopted Defendants' proposed fact discovery deadline of October 31, 2024. (Dkt. 101.)

### **Completed Discovery**

9. To-date the parties have completed the following discovery:

   a. The parties briefed disputed issues over a HIPAA order, (Dkt. 54, 70, 77), and the City moved unopposed for a confidentiality order. (Dkt. 106, 107, 109, 110.) On May 2, 2024, this Court denied Plaintiffs' motion for entry of their proposed HIPAA order and entered Defendants' competing proposed HIPAA order. (Dkt. 111, 113.)

   b. The parties exchanged initial and supplemental written discovery, including the production of hundreds of thousands of pages of records. The parties continue to have 37.2 conferences to narrow and/or resolve any issues regarding written discovery disputes. This includes continued briefing and hearings on Plaintiffs' Motion to Compel against the City. (Dkt. 121, 124, 131, 138, 142.)

   c. The parties are engaged in 37.2 conferences to resolve any outstanding issues regarding Plaintiffs' disclosed Fed. R. Evid. 404(b) witnesses;

   d. The parties issued numerous subpoenas related to underlying events and Plaintiffs' claimed damages. To-date, Defendants have received responses from the Cook County Department of Corrections, Cook County State's Attorney ("CCSAO"), Exoneration Project, Illinois Department of Corrections ("IDOC"),

     David Olshansky, EL Car Wash, Kent Brody, Kentucky Fried Chicken, and Loyola/Trinity;

e. Because Plaintiffs' criminal records related to the underlying case were sealed, the parties moved to have Plaintiffs' underlying Cook County Criminal Court file unsealed in order for the parties to inspect and copy all pertinent records (granted on December 7, 2023);

f. The parties completed an inspection of all evidence impounded with the Cook County clerk on May 13, 2024;

g. The Defendants moved for the release of the Grand Jury Materials (granted March 21, 2024);

h. The parties have been negotiating over ESI discovery;

i. The Defendants have been attempting to confer with the Cook County State's Attorney's Office regarding materials that are missing and/or were withheld from the Cook County State's Attorney production to the Defendant Officers' subpoena;

j. Plaintiffs issued a Request to Inspect the original Chicago Police Department's records related to the underlying investigative file, which was completed on October 7, 2024;

k. The parties have completed the depositions of Defendants, Joel Bemis (June 5, 2024), Robert Biebel (October 21, 2024), and Reynaldo Guevara (September 9, 2024); witnesses Jose Gonzalez (July 30, 2024) and Jesus Gonzalez (August 1, 2024); and third party retired Chicago Police Detective Michael Mason (October 23, 2024); and

a. The parties further attempted to depose Juan Carlos Cruz on September 17, 2024, but were unable to complete the deposition as set forth in more detail below.

10. Although discovery has been moving along, the parties are unable to complete all necessary fact discovery under the current deadline.

**Outstanding Discovery**

11. Specifically, the following discovery remains outstanding:

a. As mentioned above, Defendants have been engaged in 37.2 discussions with the CCSAO through ASA David Adelman regarding records that were not produced and/or withheld from the CCSAO's production of the file related to the underlying prosecution. Defendants first reached out to ASA Adelman on August 20, 2024, regarding these issues. After numerous follow-ups in over two-months, including on October 30, 2024, ASA Adelman has been unbale to provide Defendants with the CCSAO's position on any of the issues raised by Defendants. Because these records are vital to the case and the CCSAO to-date has failed to even provide Defendants with any position, Defendants will be filing a motion to compel.

b. Defendants previously subpoenaed records from the Office of the State Appellate Defender ("OSAD"). Due to an agreement with Plaintiffs, those records were received by a third-party servicer and sent to Plaintiffs on October 30, 2023, for a privilege review. Recently, it came to Defendants' attention that these materials were never received from Plaintiffs. Specifically, Defendants' third-party servicer sent the records to the

5

      previous attorney handling the case, Isabella Aguilar, who withdrew from the case. On October 29, 2024, Counsel for Plaintiffs, Alyssa Martinez, stated that Plaintiffs were in the process of reviewing the records and would be producing them shortly.

  c.  Defendants also previously subpoenaed materials from Gregory Swygert, who handled Plaintiffs' post-conviction proceedings. It was later learned that those materials (approximately 18,507 pages) were tendered to Defendants third-party servicer, but either inadvertently not turned over by the third-party servicer to Plaintiffs for a privilege review and/or sent to attorney Isabella Aguilar who withdrew from the case. This again recently came to Defendants' attention when Defendants continued their efforts to follow up on their subpoena to Mr. Swygert. Defendants' third-party servicer has tendered these records to Plaintiffs' counsel, and Defendants are still waiting on Plaintiffs' counsel to complete their privilege review and tender these records.

  d.  The following previously issued subpoenas remain outstanding: IDOC records pertaining to their retention policies (out for service on October 24, 2024), subpoenas to Plaintiffs' defense attorneys Richard Beuke, and Dennis Giovannini (served in August 2023), and the Cook County Public Defender (served in April 2024). The Defendant Officers have been continuing to follow up with regards to these outstanding subpoenas.

6

  e.  Defendants further have subpoenas prepared to send to Plaintiffs' medical providers. Defendants will be serving these subpoenas contingent upon any discovery extension granted by this Court.[1]

  f.  The parties have fully briefed Plaintiffs' Motion to Quash the Defendant Officers' subpoena to IDOC for Plaintiffs' recorded communications. (Dkt. 126, 132, 139.) This motion remains pending.

  g.  The parties are still trying to negotiate ESI discovery and limitations to Fed. R Evid. 404(b) witnesses.

  h.  The parties have scheduled the depositions of witness Nancy Gonzalez (November 8, 2024) (out of town in Waco, Texas); Plaintiffs Rosendo Hernandez (November 20, 2024) and Juan Hernandez (November 22, 2024)[2]; and witnesses Hector Vasquez (December 18, 2024) and Desiree Bandomo (December 19, 2024).[3] The parties have tentatively agreed to the depositions of Fred Rock and Jondalyn Fields on December 10 and 11, 2024.

  i.  The parties had originally agreed to the deposition of Defendant Joseph Miedzianowski on August 8, 2024. However, issues arose regarding the videotaping of Miedzianowski's deposition. Counsel for Plaintiffs and

---

[1] To-date, Plaintiffs have only produced seven pages of Rosendo's medical records although both Plaintiffs claim medical and/or mental health damages in this case.

[2] Defendants requested dates for Plaintiffs' depositions since July 3, 2024. Defendants were not provided dates until two months later on September 3. At that time, Defendants were only provided one date for each brother in October. Because Defendants' counsels already had prior obligations on those two dates, the parties had to schedule these depositions in November.

[3] It is worth noting that the parties have already agreed to dates for depositions beyond Plaintiffs' proposed December 15 deadline.

          Miedzianowski conferred in an attempt to come to an agreement but were unable to do so. Plaintiffs just recently filed a motion to compel Miedzianowski's videotaped deposition on October 30, 2024. (Dkt. 144.)

j.   Plaintiffs have been coordinating the deposition of Daniel Violante, an eyewitness to the shooting of Jorge Gonzalez. The parties have previously agreed to and set the deposition of Daniel Violante no less than 3 different times. The last two times, Violante cancelled his deposition the day prior to his scheduled deposition date. Most recently, Violante's deposition was scheduled to proceed on September 6, 2024. On September 5, 2024, Plaintiffs' counsel emailed that Violante could not proceed, and asked to reschedule the deposition to September 19 or 20. On September 10, counsel for Defendants responded that Defendants were unavailable on September 19 or 20 and asked that Plaintiffs provide dates in October or November to proceed with Violante's deposition. That same day, Plaintiffs' counsel provided potential October dates for Violante's deposition. On September 16, Defendants confirmed that they were available October 18 for Violante's deposition. However, after Defendants offered this date, Plaintiffs never confirmed October 18 or sent a new notice. As a result, on October 4, Defendants emailed Plaintiffs' counsel informing them that October 18 was no longer available to Defendants and requested that Plaintiffs provide new dates for Violante's deposition. On October 15, Plaintiffs' counsel confirmed that they were working on new

8

        dates for Violante's deposition. To-date, Defendants have not received any new proposed dates for Violante's deposition.

k.    Juan Carlos Cruz, another eyewitness to the murder of Jorge Gonzalez– and who himself was shot during the events of June 27, 1997– was previously subpoenaed by Plaintiffs to appear for a deposition on September 25, 2023. Defendants objected to this deposition proceeding, as the parties were still negotiating over deposition priority and still awaiting responses to subpoenas for vital documents relevant to Cruz's deposition. However, on September 25, 2023, Cruz showed up at Loevy & Loevy pursuant to this subpoena. At that time, Plaintiffs' counsel informed Cruz that his deposition was not proceeding on that date. Because Cruz had previously shown up to Loevy & Loevy for his deposition, he was hesitant to cooperate with the parties in appearing again for his deposition. Defendants' counsel spoke with Cruz, who eventually agreed to appear again provided that the parties would compromise on location, time and attendance of the parties at his deposition. In May and June 2024, the parties conferred to see if an agreement could be reached regarding the requests made by Cruz. After Defendants did not get a response on all of Cruz's requests at his deposition, counsel for Defendants followed up with Plaintiffs on June 13, July 2, and July 10. Plaintiffs notified Defendants on June 16 that they agreed with Cruz's requests as to place, time and the parties' attendance. Two days later on June 18, Defendants offered proposed dates for Cruz's deposition. After Defendants did not receive a

response, Defendants followed-up on the proposed dates for Cruz's deposition on July 22, July 31, August 9, and August 12. Finally on August 12, Plaintiffs confirmed they were available September 17, 2024, for Cruz's deposition. The parties appeared for Cruz's deposition on September 17. However, after less than 10 minutes of questioning by Plaintiffs' counsel, Cruz got up and left his deposition. (*See* Ex. 1, Cruz Dep.) The parties briefly conferred about the best approach to addressing the issue with Cruz leaving his deposition. On September 18, Plaintiffs' counsel confirmed in an email that court intervention was needed to have Cruz sit for the entirety of his deposition. On September 20, Defendants agreed that the parties would likely need to jointly seek a court order regarding Cruz's deposition. On September 23, Plaintiffs' counsel represented they would be drafting a motion and sending to Defendants for review. To-date, Plaintiffs have not sent Defendants any motion regarding Cruz and no such motion has been filed.

l. On March 5, 2024, Defendants provided Plaintiffs with dates for depositions for multiple witnesses, including Maribel Arroyo – another eyewitness to the Jorge Gonzalez murder. Defendants never heard back on any of these deposition dates, so Defendants followed up on April 29, regarding the Defendants' previously proposed dates. On April 30, Plaintiffs finally sent out a notice of deposition for Maribel Arroyo, wherein her deposition was set to proceed on May 15.[4] However, due to

---

[4] The notice also included dates for Jose Gonzalez, Jesus Gonzalez, Daniel Violante and Juan Carlos Cruz. All of these depositions were cancelled and re-set on multiple occasions.

10

the passage of time between March 5 and April 30, Defendants informed Plaintiffs that they were no longer available on May 15 for Arroyo's deposition. As a result, the parties later conferred and agreed to re-set Arroyo's deposition for July 9, 2024. Counsel for Defendants emailed Plaintiffs' counsel on July 1, July 2, and July 3, requesting confirmation that Arroyo's deposition was proceeding as agreed on July 9. Finally on July 3, Plaintiffs counsel informed Defendants that they were unable to confirm Arroyo's deposition and would be sending along new proposed dates. After Defendants did not receive new dates for some time, counsel for Defendants followed up on deposition dates for Arroyo on September 13. That same day, Plaintiffs' counsel represented they were working to reschedule Arroyo's deposition. When Defendants still received no update on Arroyo's deposition, counsel for Defendants followed up again on October 15 regarding Arroyo's deposition. That same day, Plaintiffs' counsel informed Defendants they were working on new dates and would propose dates shortly. To-date, Defendants have not received any alternate proposed dates for Arroyo.

m. In addition to the outstanding depositions noted above, the following additional third-party depositions remain outstanding: ASA Heather Bruali, George Andrews, Margaret Wood, Veryl Gambino, Carmen Aguilar and Daniel Galivan; defense attorneys Kent Brody, Dennis Giovannini, David Olshanky and Richard Bueke; witness Nicole Nathaniel; Plaintiffs' parents, who are both damages witnesses, as well as

witnesses to witness tampering issues with Daniel Violante, Esther Hernandez and Rosendo Hernandez, Sr.; damages witnesses Mary Hernandez and Pastor Rene Munoz; Plaintiffs' alleged alibi witnesses, Rosa Solis, Sophia Solis, Luis Torres, Carlos Moises Lopez, Valerie Pinkston, and Jennifer Pinkston; alleged witness with knowledge of the "real killer" Nelson Pacheco; and other witnesses related to the underlying investigation, witness tampering and/or alleged acts of Guevara, Abraham Gutierrez, Manuel Suastegui, and Eddie Cabrara.

### Other Scheduling Issues

12. As noted above, there are numerous outstanding depositions. Some of these depositions are out-of-state and require travel.

13. In addition to the above, while discovery has been pending, counsel for Plaintiffs and counsel for the City, Guevara and Defendant Officers, have all been engaged in summary judgment briefings in large *Guevara* reversed conviction cases including in the following cases: *Reyes*/*Solache*, 18-cv- 1028 & 2312, *Maysonet v. Guevara*, 18-cv-2342, *Iglesias v. Guevara*, 19-cv-6508, *Johnson v. Guevara*, 20-cv-4156, *Rios v. Guevara*, 22-cv-3973, and *Sierra v. Guevara*, 18-cv-3029.

14. Further, Counsel for Guevara has tentative trial dates set in *Galik/Estate of Parks v. City of Chicago*, 21L3920 for September 30 to October 11, 2024, and *Wright/Spicer v. City of Chicago*, 21L 8784/21L8795 for November 18 to December 20, 2024. And there are at least nine analogous reversed conviction cases involving Defendants' and Plaintiffs' counsel proceeding

12

along similar discovery schedules that also have numerous depositions scheduled or are in the process of being scheduled in the coming weeks and months.[5]

## Parties' Conferral

15. Counsel for the Defendant Officers, Allison Romelfanger, contacted counsel for Plaintiffs, Anand Swaminathan, regarding the relief sought herein. Plaintiffs indicated they would agree to an extension, but that the above discovery could be completed by December 15, 2024, as opposed to Defendants' proposal of six months. As noted above, Plaintiffs request ten days to respond to Defendants' Motion.

16. Because of the voluminous amount of discovery that remains as detailed herein, and for the aforementioned reasons, Defendants respectfully request an extension of the fact discovery deadline, up to and including April 30, 2025.

---

[5] *Abrego v. Guevara*, 23-cv-1740; (2) *Davila v. Guevara*, 23-Cv-1739; (3) *Flores v. Guevara*, 23-CV-1736; (4) *Gecht/Kwil/Hernandez, R. v. Guevara*, 23-CV-1742; (5) *Martinez/Kelly/Tinajero, 23-cv-5354*; (6) *Lugo v. Guevara*, 23-CV-1738; (7) *Rivera v. Guevara*, 23-CV-1743; (8) *Robinson v. Guevara*, 24-CV-5954; and (9) *Rodriguez v. Guevara*, 22-CV-6141.

Dated: October 31, 2024

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER, Atty No. 6310033
Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Jeffrey Grossich
Kyle T. Christie
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
aromelfanger@jsotoslaw.com

/s/ Eileen Rosen
EILEEN ROSEN
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Andrew J. Grill
Austin G. Rahe
Catherine M. Barber
Lauren M. Ferrise
Theresa B. Carney
Kelly A. Krauchun
Rock, Fusco & Connelly
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
tcarney@rfclaw.com

Respectfully submitted,

/s/ Molly E. Boekeloo
MOLLY BOEKELOO, Atty No. 6336874
Special Assistant Corporation Counsel
*One of the Attorneys for Reynaldo Guevara*

Steven B. Borkan
Timothy P. Scahill
Emily E. Schnidt
Misha Itchhaporia
Graham P. Miller
Molly Boekeloo
Christine E. Murray
Krystal Gonzalez
Andrea Checkai
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
mboekeloo@borkanscahill.com

/s/Brian P. Gainer
BRIAN P. GAINER
*One of the Attorneys for Miedzianowski*

Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd.
33 W. Monroe St., Ste. 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com

**CERTIFICATE OF SERVICE**

      I, Allison L. Romelfanger, an attorney, certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on **Thursday, October 31, 2024**, I electronically filed the foregoing **Defendants' Joint Partially Opposed Motion to Extend Fact Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

*Attorneys for Plaintiff*
Steven E. Art
Anand Swaminathan
Sean Starr
Annie D. Prossnitz
Jonathan I. Loevy
Arthur R. Loevy
Daniel J. Stohr
Isabella Aguilar
Margaret Gould
Quinn Rallins
Alyssa Martinez
Valarie Barajas
Lilly Dunkin
Marc Motter
Loevy & Loevy
311 North Aberdeen St, 3rd Fl
(312)243-5900
Chicago, IL 60607
steve@loevy.com
anand@loevy.com
sean@loevy.com
prossnitz@loevy.com
jon@loevy.com
arthur@loevy.com
dan@DanStohr.com
aguilar@loevy.com
gould@loevy.com
rallins@loevy.com
alyssa@loevy.com
valerie@loevy.com
dunkin@loevy.com
motter@loevy.com

**Attorney for City of Chicago**
Eileen E. Rosen
Theresa Carney

*Attorney for Reynaldo Guevara*
Misha Itchhaporia
Graham P. Miller
Emily E. Schnidt
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Molly Boekeloo
Christiane E. Murray
Andrea F. Checkai
Drew Wycoff
Borkan & Scahill, Ltd
(312)580-1030
20 S. Clark Street, Suite 1700
mitchhaporia@borkanscahill.com
gmiller@borkanscahill.com
eschndit@borkanscahill.com
tscahill@borkanscahill.com
sborkan@borkanscahill.com
whutchinson@borkanscahill.com
mboekeloo@borkanscahill.com
cmurray@borkanscahill.com
acheckai@borkanscahill.com
dwycoff@borkanscahill.com

**Attorney for Joseph Miedzianowski**
Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com

15

Catherine Barber
Austin Rahe
Andrew Grill
Lauren Ferrise
Kelly A. Krauchun
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312)494-1000
erosen@rfclaw.com
tcarney@rfclaw.com
cbarber@rfclaw.com
arahe@rfclaw.com
agrill@rfclaw.com
lferrise@rfclaw.com
kkrauchun@rfclaw.com

      /s/ Allison L. Romelfanger
      ALLISON L. ROMELFANGER, Atty No. 6310033
      Special Assistant Corporation Counsel
      *One of the Attorneys for Individual Defendants*