**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | |
| | ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | |
| | ) | Hon. Jeremy C. Daniel |
| *v.* | ) | |
| | ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSTION TO
DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY**

Plaintiffs Juan Hernandez and Rosendo Hernandez, by their attorneys, Loevy & Loevy,

hereby respectfully respond in partial opposition to Defendants' motion for a six-month extension

to fact discovery. In support, Plaintiffs state as follows:

**INTRODUCTION**

Defendants fail to identify good cause for their request for an expansive extension in a

case that has already been plagued with delay. Plaintiffs agree that a modest extension to the

current fact discovery deadline is appropriate to complete certain key depositions. However,

Defendants' request to keep open discovery for an additional 181 days as the parties near the

close of fact discovery in order to conduct discovery that Defendants have made no effort to do

over the previous seventeen months is unjustified and prejudicial to Plaintiffs. As such, Plaintiffs

respectfully request this Court deny in part Defendants' motion to extend the current fact

discovery deadline to April 30, 2025, and instead grant a more limited extension to December

15, 2024.

## RELEVANT FACTUAL BACKGROUND

Plaintiffs Juan Hernandez and Rosendo Hernandez filed this Section 1983 action on March 21, 2023 against the City of Chicago, notorious Defendants Reynaldo Guevara and Joseph Miedzianowski, and other police officer defendants who caused them to be wrongfully imprisoned for a collective 50 years for the tragic murder of Jorge Gonzalez. Dkt. 58, Am. Compl. at ¶¶ 1-18. For their parts, Defendant Guevara has consistently taken the Fifth when questioned about his activities as a Chicago police officer in the face of numerous incidents of his misconduct (*id*. at ¶¶ 14, 162), and Defendant Miedzianowski is currently serving a life-time prison sentence for racketeering and operating a drug ring as part of his employment with the Chicago Police Department ("CPD") (*id*. at ¶¶ 59-79).

### *Fact Discovery Deadline*

On January 10, 2024, the parties submitted an Amended Proposed Discovery Schedule. Dkt. 100. Plaintiffs proposed a fact discovery deadline of March 29, 2024—just over one year after the case was first filed. Defendants proposed a deadline seven months later: October 31, 2024. *Id.* This Court adopted Defendants' proposal, setting a fact discovery period of over a year and a half, concluding on October 31, 2024. Dkt. 101.

### *Written Discovery Requests & Document Production*

The parties exchanged Rule 26(a)(1) initial disclosures in July 2023. At that time, before Defendants had even issued written discovery, Plaintiffs produced over 22,000 pages of records. Because there had been an extensive post-conviction evidentiary hearing, with criminal discovery procedures, Plaintiffs' initial production included the underlying CPD police investigative files, criminal trial transcripts, and pleadings and transcripts from the post-

conviction litigation. In other words, the vast majority of the relevant records were produced almost 16 months ago.

Since then, the parties have exchanged initial and supplemental written discovery and are engaged in Rule 37.2 conferrals to resolve outstanding disputes and deficiencies. Due to a concern across the Guevara cases concerning the City's inspection and production of documents, Plaintiffs inspected the original Chicago Police Department's records related to the underlying investigative file on October 7, 2024. Further, due to the City's lack of production of responsive documents, Plaintiffs filed a motion to compel, which remains ongoing. Dkts. 121, 124, 131, 138, 142.

*Depositions*

Seven depositions have occurred in this case to date: Defendants Joel Bemis, Robert Biebel, and Reynaldo Guevara; eyewitnesses Jose Gonzalez, Jesus Gonzalez, and Nancy Gonzalez; and Chicago Police Department officer Michael Mason. Plaintiff Rosendo Hernandez's deposition is scheduled for November 20, 2024, and Plaintiff Juan Hernandez's deposition is scheduled for November 22, 2024. The depositions of Hector Vazquez and Desiree Bandomo are scheduled for December 18 and 19, 2024, respectively.[1]

Plaintiffs sought leave to depose Defendant Miedzianowski via court reporter and videographer, Dkt. 114, which this Court granted, Dkt. 117. The parties worked with the FCI Pekin facility to schedule the deposition for August 8, 2024. However, on July 30, 2024, counsel for Defendant Miedzianowski cancelled the deposition because Defendant Miedzianowski was

---

[1] Defendants note in their motion that the depositions of Jondalyn Fields and Frederick Rock are tentatively scheduled for December 10 and 11, 2024; however, those depositions are unlikely to occur for the reasons outlined below.

refusing to sit for a videotaped deposition, and Plaintiffs recently filed a motion to compel his deposition.[2] Dkt. 144.

Plaintiffs also issued a 30(b)(6) notice to Defendant City on October 28, 2024 but have not received any response.

<center><em>Subpoenas</em></center>

Numerous subpoenas have been issued in this case over the last seventeen months, including to the Cook County State's Attorney's Office, Office of the Cook County Public Defender, Office of the State Appellate Defenders (OSAD), Cook County Department of Corrections, Illinois Department of Corrections, Plaintiffs' criminal defense attorneys, Plaintiffs' post-conviction attorneys, Plaintiffs' places of employment since 1995, and Plaintiffs' medical providers. The majority of these were first issued in 2023 and have received responses.

Over one year after issuing subpoenas to OSAD and Northwestern, Defendants emailed Plaintiffs about responsive documents that had been sent to Defendants' third-party servicer but were never produced in this case. Plaintiffs contacted the third-party servicer and learned that the records had been sent to counsel for Plaintiffs who had already withdrawn from the case and no longer worked at Plaintiffs' firm. The servicer re-sent the documents, and Plaintiffs produced the OSAD documents on October 29, 2024 and the Northwestern documents on November 7, 2024.

<center><em>Other Discovery Disputes</em></center>

On August 20, 2024, Plaintiffs sent a proposal to Defendants concerning 404(b) witnesses which proposed that Plaintiffs would limit their list of Rule 404(b) witnesses whom they may call live at trial in this case to 20 witnesses, due to the number of repeat-offender

---

[2] Counsel for Defendant Miedzianowski represented to Plaintiffs that he does not anticipate filing any response to the motion and instead intends to argue it during the motion hearing set for November 14, 2024 at 9:30am.

defendants in this case, provided that the Parties agree, as they have in other cases, that: (1) if

any witness becomes unavailable to testify prior to the close of fact discovery, Plaintiffs will be

permitted to substitute in a new Rule 404(b) witness; (if they become unavailable after the close

of fact discovery, Plaintiffs will rely on their prior testimony); (2) this limitation on Rule 404(b)

witnesses who may be called live at trial does not limit other Rule 404(b) evidence that may be

used in this case (*e.g.*, on cross-examination, in expert reports, etc.); (3) the Parties will not re-

depose Rule 404(b) witnesses who have already given testimony in Guevara cases; and (4) the

Parties jointly seek a Court order memorializing their agreement. Ex. 1.

Nearly two months later, on October 15, counsel for Defendant Officers responded with a

counterproposal of 12 404(b) witnesses, disagreed with "alternates," and further stated that

Defendants would confer on the other parts of the proposal and get back to Plaintiffs. Ex. 2 at 3.

Plaintiffs followed up on November 4, 2024 but still have not heard back. *Id.* at 1-2.

On July 22, 2024, Plaintiffs sent a proposal for ESI protocols. Defendants have not

responded to Plaintiffs' proposal to date. However, counsel for the parties are conferring globally

about ESI protocols across several Guevara cases and anticipate reaching resolution soon.

## LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R.

Civ. P. 16(b)(4). In making a Rule 16(b) good-cause determinations, "the primary consideration

for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*,

651 F.3d 715, 720 (7th Cir. 2011); *see also Empress Casino Joliet Corp. v. Balmoral Racing*

*Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016) (good cause requirement for modification of

schedule is "a standard that 'primarily considers the diligence of the party seeking

amendment'"); Fed. R. Civ. P. 16 advisory committee's note, 1983 amd. ("[T]he court may

modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

## DISCUSSION

**I.      Defendants Have Not Shown Good Cause to Justify a Six-Month Extension.**

Defendants have not demonstrated good cause to modify the scheduling order to such a degree, and certainly not to extend fact discovery an additional six months. Plaintiffs agree that a limited extension is necessary to complete the depositions of those witnesses the parties have made prior efforts to serve and depose, in order to accommodate schedules and circumstances, but Defendants should not be permitted to now delay the end of fact discovery by insisting on taking dozens of depositions they have made no effort to schedule over the last seventeen months of fact discovery.

### A.  Discovery Has Already Been Ongoing for Seventeen Months.

The parties have been given ample time to conduct discovery in this case—particularly where the initial production from Plaintiffs included a record replete with Plaintiffs' criminal trial transcripts; post-conviction proceedings; declarations and affidavits from damages witnesses, alibi witnesses, and eyewitnesses; 404(b) evidence; etc. As part of their request for additional time, Defendants cited to the numerous subpoenas they had issued and the number of witnesses disclosed between the parties' 26(a)(1) disclosures. Dkt. 100 at 2-3. As to the former: nearly all of these subpoenas were issued in 2023, before the parties submitted the Amended Discovery Schedule, and were long-ago resolved. As to the latter: there is no requirement that every witness disclosed on the parties' Rule 26(a)(1) disclosures be deposed—in fact, the rule is to the contrary, limiting each side presumptively to ten depositions—especially where, as here, so many of those witnesses have provided past testimony in criminal and/or post-conviction

proceedings in this and other cases; and, in any event, Plaintiffs have offered to work with

Defendants to pare down their 26(a)(1) disclosures. But perhaps more fundamentally, if

Defendants intended to depose dozens of witnesses, even assuming they got leave to do so, they

should have been conducting these depositions over the last seventeen months. They simply

failed to do so, and now at the eleventh hour want an additional six months (for now) to do what

they failed to do during the already-extensive fact discovery period.

### B. Defendants Have Been Dilatory in Conducting Discovery.

Defendants have failed to conduct discovery in a timely manner and now ask this Court

to grant them additional time. As Plaintiffs cautioned in their briefing on deposition priority in

questioning certain witnesses in this case, Dkts. 83, 89, 93, 95, 97, Defendants have used this

Court's order allowing them to proceed with certain depositions first as a mechanism to delay

this case. Over Plaintiffs' objection, this Court ordered that Defendants were to proceed first with

Fred Rock, Jondalyn Fields, and Nelson Pacheco. Dkt. 98. Then, Defendants asserted in the

Parties' Amended Discovery Schedule that they would also be proceeding first with Desiree

Bandomo, Nicole Nathaniel, Rosa Solis, and Sophia Solis. Dkt. 100 at 5. To date, nearly a year

later, none of these depositions have occurred, and the only one scheduled (Desiree Bandomo)

was set up and scheduled by Plaintiffs.[3] Defendants assert in their motion that the depositions of

Fred Rock and Jondalyn Fields are tentatively scheduled for December 10 and 11, 2024, but

those are simply dates Defendants chose as placeholders before filing this motion; Plaintiffs have

---

[3] In contrast, Plaintiffs identified six individuals for which they would be proceeding first: Jose Gonzalez, Jesus Gonzalez, Nancy Gonzalez, Marybel Arroyo, Daniel Violante, and Juan Carlos Cruz. Plaintiffs have deposed three of the six witnesses (Jose Gonzalez, Jesus Gonzalez, and Nancy Gonzalez). Plaintiffs attempted to depose a fourth, Juan Carlos Cruz, but the deponent left the deposition after a few minutes. As such, the parties are in agreement on seeking Court intervention for this deposition and will have a motion on file this week. Lastly, Plaintiffs have served the two remaining deponents and will have proposed dates for their depositions this week.

not received any proof of service for Ms. Fields, or indication of any efforts in the prior

seventeen months to get her deposition scheduled. Nor have Plaintiffs received any proposed

plan for Mr. Rock's deposition. Mr. Rock lives in Dominica and is unable to travel to the United

States. As such, his deposition will require logistical planning and could necessitate certain

procedures be followed pursuant to the Hague Evidence Convention. Defendants have been

aware of this issue for over a year and yet have done nothing to prepare. Instead, they now seek

additional time from this Court. Meanwhile, in the prior briefing on deposition questioning

priority, Plaintiffs were adamant that Mr. Rock was critical to their case-in-chief at trial, but

would be unavailable for trial, and thus his deposition testimony would serve as his trial

testimony; for that reason, Plaintiffs promptly served Mr. Rock and obtained his cooperation to

sit for a deposition. But once Defendants won the questioning priority, efforts to schedule his

deposition ceased. Now, more than a year later, Plaintiffs renew their request that this Court

permit Plaintiffs to get this deposition scheduled themselves, consistent with their initial service

and notice, and proceed with questioning Mr. Rock first in order to secure his testimony for trial.

Plaintiffs have even attempted to facilitate these depositions to keep the case moving but

have been unsuccessful. On August 19, 2024, Plaintiffs emailed Defendants reminding them of

this Court's order and its January 5, 2024 encouragement that the parties schedule depositions

"as soon as possible." Dkt. 101; Ex. 3. Plaintiffs then requested that Defendants propose dates

for the three depositions they had been given priority on. Defendants responded, but did not

propose dates or make any effort to schedule those depositions. *Id.* Plaintiffs even filed a motion

for leave to depose Mr. Pacheco, who is currently incarcerated, and yet Defendants still have not

made any effort to schedule that deposition. Dkt. 140. There is only so much Plaintiffs can do to

effectively prosecute their case when Defendants are dragging their feet.

Similarly, Defendants have made no efforts to schedule *any of the other 25 depositions* which they list as "outstanding" in their motion.[4] Dkt. 148 at 11-12. In fact, Defendants have not sought leave of court to take more than the allotted ten depositions per side. Three of the listed witnesses are not on any party's 26(a)(1) disclosures—Richard Beuke, Jennifer Pinkston, and Eddie Cabrera—and others have not ever been subpoenaed or even noticed for deposition. To be clear, Plaintiffs are in agreement that certain individuals listed in Defendants' motion should be deposed in this case, but certainly not all of them and not without prior agreement between the parties as to how many depositions should be taken or an order from this Court permitting additional depositions.[5]

Where discovery has been ongoing for over a year and a party has made little to no effort to advance a case or schedule depositions, courts in this district have denied an extension or granted a very limited extension. *See, e.g., Jackson-El v. City of Markham*, 332 F.R.D. 583, 585 (N.D. Ill. 2019) (granting a six-week discovery extension where Defendants had only reached out to deponents to determine their availability); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (affirming denial of extension to the scheduling order because party offered "an insufficiently robust explanation of why he was diligent."). While Plaintiffs believe that the parties have made progress on many discovery issues, much of the last seventeen months have still been marked with delay such that Defendants cannot show the requisite level of diligence required for an additional six months to be added to discovery.

Plaintiffs have had to continuously follow up with Defendants for dates to schedule depositions in this case. Plaintiffs first proposed deposition dates for the six critical eyewitnesses

---

[4] Defendants originally represented to Plaintiffs that there are at least *40 additional depositions* they believe still needed to occur in this case. Ex. 4 at 1-3. Plaintiffs voiced their disagreement with such an expansive view, and it appears Defendants have walked that back. *Id.*

[5] Plaintiffs believe that the remaining key depositions can be completed before December 15, 2024.

to the shooting in February 2024. Plaintiffs followed up on March 4, 2024, and the parties

tentatively scheduled depositions for May and June 2024.[6] Plaintiffs had to follow up several

times to get dates for Defendant Biebel's deposition. Plaintiffs attempted to schedule the

depositions of Hector Vazquez and Desiree Bandomo for October but were told that Defendants

did not have any availability until mid-December. Plaintiffs also had to request dates from

Defendants over the span of *seven months* for a third-party officer's deposition. Ex. 5.

Defendants finally responded saying that they had not been able to contact the deponent and

would send along his last-known contact information, which has not happened. *Id.*

Defendants have also unnecessarily delayed following up on the subpoenas they issued

over a year ago. Defendants refer in their motion to being "engaged in 37.2 discussions with the

CCSAO" pertaining to their subpoenas and indicating their intention to file a motion to compel

at some point in the indeterminate future. Dkt. 148 at 5. These subpoenas were issued in

September of 2023. Defendants have had more than a year to follow up on these subpoenas and

engage in any motion practice. Defendants also state in their motion that they intend to issue

subpoenas to Plaintiffs' medical providers.[7] Dkt. 148 at 7. However, Defendants have had the

names of Plaintiffs' medical providers since May 14, 2024, and could have issued their

subpoenas at any point during the intervening seven months. Instead, Defendants waited until the

eve of discovery and now seek additional time. That is not diligence. As such, while a limited

extension is necessary to complete key depositions, six months is too far afield.

---

[6] The parties had to reschedule some of these depositions several times due to other professional obligations and the deponents' availability.

[7] Plaintiffs received notice of these subpoenas, but Defendants stated in their motion that they would not be issuing the subpoenas to the medical providers until this Court grants a discovery extension, so it is not clear if the subpoenas have been issued or not. Defendants have issued at least one other subpoena to IDOC that requests responsive documents be produced after the current fact discovery deadline.

**II.     A Six-Month Extension Would Unduly Prejudice Plaintiffs.**

While Plaintiffs are in agreement that additional time is appropriate, Plaintiffs have been waiting since 1997 to present their claims in Court. They are the ones who bear the burden at trial. They have had to deal with a year and a half of discovery already. They seek to avoid further delay to an extent that would deny Plaintiffs their right to a "just, speedy, and inexpensive" resolution of their claims. Fed. R. Civ. P. 1.

Defendants cite to summary judgment briefing in other *Guevara* wrongful conviction cases, and depositions scheduled in additional *Guevara* cases, as a reason that discovery should be further delayed in this case. Such rationale is unfair and prejudicial to Plaintiffs. It is not the fault of Plaintiffs that the City has chosen a limited number of private firms to defend itself and its officers from the ever-growing number of wrongful conviction lawsuits being filed. Plaintiffs should not bear the burden of that decision. They deserve their day in Court, and to not have their case languish while Defendants ask this Court for additional time to conduct discovery they already had seventeen months to conduct.

<div align="center">

**CONCLUSION**

</div>

Given the foregoing, Plaintiffs respectfully request this Court grant an extension to the fact discovery deadline to December 15, 2024, and any other relief this Court deems just.

RESPECTFULLY SUBMITTED,

**JUAN HERNANDEZ & ROSENDO HERNANDEZ**

BY:    /s/ Alyssa Martinez
*Attorney for Plaintiffs Hernandez*

Jon Loevy
Anand Swaminathan
Steve Art

<div align="center">

11

</div>

Sean Starr
Alyssa Martinez
Quinn Rallins
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

## <u>CERTIFICATE OF SERVICE</u>

I, Alyssa Martinez, an attorney, certify that on November 11, 2024, I caused the foregoing

document to be filed using the Court's CM/ECF System which affected service upon all counsel

of record.

<div align="center" style="text-align:right">

/s/ Alyssa Martinez
*One of Plaintiffs' Attorneys*

</div>