```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

    JUAN HERNANDEZ and              )
    ROSENDO HERNANDEZ,              )
                                    )
                 Plaintiffs,        )
                                    )   No. 23 CV 1737
       vs.                          )
                                    )   Chicago, Illinois
    REYNALDO GUEVARA, et al.,       )   November 14, 2024
                                    )   9:53 o'clock a.m.
                 Defendants.        )


              TRANSCRIPT OF PROCEEDINGS - HEARING
           BEFORE THE HONORABLE JEREMY C. DANIEL

    APPEARANCES:


    For the Plaintiffs:       MR. SEAN STARR
                              LOEVY & LOEVY
                              311 North Aberdeen Street
                              Chicago, Illinois 60607
                              312-243-5900


    For the Defendant         MS. KRYSTAL GONZALEZ
    Reynaldo Guevara:         BORKAN & SCAHILL, LTD.
                              20 South Clark Street
                              Chicago, Illinois 60603
                              312-447-7769


    For the Defendants        MS. ALLISON L. ROMELFANGER
    Geri Lynn Yanow, Joel     THE SOTOS LAW FIRM, PC
    Bemis, Robert Biebel:     141 West Jackson Boulevard
                              Chicago, Illinois 60604
                              630-735-3300


    For the Defendant         MR. BRIAN P. GAINER
    Joseph Miedzianowski:     JOHNSON & BELL, LTD.
                              33 West Monroe Street
                              Chicago, Illinois 60603
                              312-372-0770
```

| | | |
|---|---|---|
| 1 | For the Defendant<br>City of Chicago: | MS. KELLY ANN KRAUCHUN<br>ROCK FUSCO & CONNELLY |
| 2 | | 333 West Wacker Drive<br>Chicago, Illinois 60606 |
| 3 | | 312-494-1000 |
| 22 | Court Reporter: | FEDERAL OFFICIAL COURT REPORTER<br>MS. KRISTA BURGESON |
| 23 | | 219 South Dearborn Street<br>Chicago, Illinois 60604 |
| 24 | | 312-435-5567<br>krista_burgeson@ilnd.uscourts.gov |
| 25 | | |

09:53:54

```
09:53:54   1              THE CLERK:  23 C 1737, Hernandez, et al., versus
09:53:59   2    Guevara, et al., for motion hearing.
09:54:09   3              MR. STARR:  Good morning, Your Honor.  Sean Starr,
09:54:11   4    S-t-a-r-r S-e-a-n, on behalf of plaintiffs, Juan and Rosendo
09:54:17   5    Hernandez.
09:54:17   6              THE COURT:  Good morning.
09:54:19   7              MS. ROMELFANGER:  Good morning, Your Honor.  Alison
09:54:26   8    Romelfanger on behalf of defendants, Bemis, Biebel, and
09:54:30   9    Special Representative Yanow.
09:54:32  10              MS. GONZALEZ:  Good morning, Your Honor.  Krystal
09:54:34  11    Gonzalez on behalf of defendant, Guevara.
09:54:37  12              MS. KRAUCHUN:  Good morning, Your Honor.  Kelly
09:54:39  13    Krauchun on behalf of the City of Chicago.
09:54:41  14              MR. GAINER:  Good morning.  Brian Gainer on behalf of
09:54:43  15    defendant, Miedzianowski.
09:54:45  16              THE COURT:  Good morning, everyone.
09:54:47  17              Lots of things to run through this morning.
09:54:53  18              I don't think I need to address the docket entry 121,
09:54:57  19    the motion to produce agreed upon documents, because I feel
09:55:01  20    like I just got an update, and then you are supposed to be
09:55:04  21    back in December on that one.
09:55:07  22              I have got the motion to quash officers' subpoenas,
09:55:11  23    docket entry 126.  I have reviewed the filings and I am going
09:55:15  24    to grant it in part and deny it in part.
09:55:19  25              Generally, as to the motions, I think the officers
```

have shown that they are potentially relevant to the issues in the case. I think everyone understands discovery is broad with respect to the privacy implications for the conversations that they seek. I find it hard to find a reason to afford a reasonable expectation of any privacy when you are told that the calls are being recorded. So those subpoenas can be issued with respect to that.

The grant, however, comes with respect to attorney calls. I understand you have cited another District Court case essentially saying that calls with attorneys that are recorded require other -- or can be turned over, but I view that as close to sacrosanct, and you are just not going to get that absence and additional showing. I haven't seen a Seventh Circuit case that goes that way. I don't know whether there were any alternatives. And so this will just follow the typical route where if calls are withheld because they are with attorneys, produce a privilege log and substantiate it and you just don't get it.

So that is 126, everything but the attorney/client calls.

MR. STARR: Could I ask a question, Your Honor?
THE COURT: Sure.
MR. STARR: Does that include the written communications as well that they were seeking?
THE COURT: With counsel?

| | | |
|---|---|---|
| 09:56:57 | 1 | MR. STARR: No, with all the people they listed in |
| 09:57:00 | 2 | their subpoenas that they were seeking, like electronic and |
| 09:57:03 | 3 | written communications that they may or may not have. |
| 09:57:08 | 4 | THE COURT: Yes, that extends to that as well. |
| 09:57:10 | 5 | MR. STARR: Is there any time limitation, timeframe |
| 09:57:13 | 6 | limitation, that the Court is putting on their subpoenas in |
| 09:57:17 | 7 | terms of what they are able to get from IDOC? And I apologize |
| 09:57:21 | 8 | about my voice, I woke up with this. |
| 09:57:23 | 9 | THE COURT: No problem. |
| 09:57:24 | 10 | MR. STARR: Sorry, I usually have a better voice. |
| 09:57:26 | 11 | THE COURT: I would imagine that anything |
| 09:57:28 | 12 | post-conviction is relevant, if he is talking about his |
| 09:57:31 | 13 | conviction. |
| 09:57:33 | 14 | MR. STARR: So is the Court's order that plaintiffs |
| 09:57:36 | 15 | should review the calls and produce anything that fits into |
| 09:57:39 | 16 | that category or -- they were seeking an incredibly wide |
| 09:57:44 | 17 | swath, and in our reply, and actually Ms. Romelfanger and I |
| 09:57:49 | 18 | talked about this briefly this morning, that -- |
| 09:57:49 | 19 | THE COURT: My order is to produce relevant |
| 09:57:52 | 20 | documents. Whether you want to look at them before you |
| 09:57:54 | 21 | produce them, I can't tell you how to run your shop. |
| 09:57:57 | 22 | MR. STARR: Okay. So does plaintiff have an |
| 09:57:59 | 23 | opportunity to -- because there were a lot of calls that we |
| 09:58:01 | 24 | think, and I think the defendants agree in their motion, are |
| 09:58:04 | 25 | not going to be relevant, calls that don't effect damages, |

| | | |
|---|---|---|
| 09:58:08 | 1 | calls that have nothing to do with the post-conviction |
| 09:58:10 | 2 | petition or proceedings.  If there are private calls that |
| 09:58:13 | 3 | these plaintiffs had with their loved ones that don't touch on |
| 09:58:18 | 4 | those issues, are we able to review those first before turning |
| 09:58:22 | 5 | them over? |
| 09:58:22 | 6 | THE COURT:  What is your position? |
| 09:58:23 | 7 | MS. ROMELFANGER:  Your Honor, we didn't ask for a |
| 09:58:25 | 8 | single call with plaintiffs' family members.  As we laid out |
| 09:58:28 | 9 | in our motion, they were all witnesses he called in his |
| 09:58:31 | 10 | criminal trial, witnesses that were in his post-conviction |
| 09:58:34 | 11 | proceedings, or their witnesses with the only link being |
| 09:58:39 | 12 | defendant Guevara, because they are all either 404(b) |
| 09:58:42 | 13 | witnesses or they also have lawsuits against Guevara, with the |
| 09:58:48 | 14 | exception I think of Matt Sobran (phonetic) and one other who |
| 09:58:52 | 15 | also do have reverse conviction cases. |
| 09:58:54 | 16 | So, we didn't ask for a single call or communication |
| 09:58:58 | 17 | with family members that would contain those private |
| 09:59:02 | 18 | communications. |
| 09:59:02 | 19 | THE COURT:  Right, but I think his concern is a bit |
| 09:59:04 | 20 | broader.  He wants to narrow it to a universe of |
| 09:59:08 | 21 | communications potentially related to the case. |
| 09:59:12 | 22 | MS. ROMELFANGER:  Your Honor, I would be happy to |
| 09:59:14 | 23 | narrow my subpoena to ask IDOC to narrow the electronic |
| 09:59:18 | 24 | communications to just stuff about this case.  I am happy to |
| 09:59:22 | 25 | do that to IDOC. |

| | | |
|---|---|---|
| 09:59:23 | 1 | MR. STARR: I don't know how IDOC would possibly be |
| 09:59:26 | 2 | able to do that. They can't even tell us the quantity and |
| 09:59:30 | 3 | they certainly can't tell us the quality. |
| 09:59:36 | 4 | THE COURT: So the hesitation I have in allowing you |
| 09:59:38 | 5 | to take the first pass, not to slight you in any way, but I |
| 09:59:43 | 6 | understand the skepticism of opposing counsel saying, why |
| 09:59:51 | 7 | should they get to decide what is relevant and what is not. |
| 09:59:51 | 8 | It seems the appropriate mechanism to handle this would be to |
| 09:59:53 | 9 | conduct your privilege review as you normally would, but then |
| 09:59:57 | 10 | if documents go somewhere or aren't relevant to the case, you |
| 10:00:00 | 11 | would just seek to exclude them later. |
| 10:00:04 | 12 | MR. STARR: Documents and also communications, it is |
| 10:00:08 | 13 | our position, that oral communications, phone calls, would |
| 10:00:10 | 14 | fall into that category. |
| 10:00:11 | 15 | And if I misspoke and said family members earlier, I |
| 10:00:14 | 16 | meant loved ones. I mean, there are certainly calls with |
| 10:00:16 | 17 | ex-girlfriends and close family friends that maybe are not by |
| 10:00:20 | 18 | blood a relative but are certainly considered to be loved ones |
| 10:00:23 | 19 | of the plaintiffs. |
| 10:00:24 | 20 | THE COURT: You can review for privilege or work |
| 10:00:26 | 21 | product or any other privilege, but you won't do the relevance |
| 10:00:31 | 22 | review. You can object to the breadth of the subpoena but |
| 10:00:37 | 23 | really that is IDOC's objection since they are the ones |
| 10:00:42 | 24 | producing. |
| 10:00:42 | 25 | Does that answer your question? |

10:00:43 1    MR. STARR:  I believe so.
10:00:44 2         So we will get them first and review them for work
10:00:47 3 product and --
10:00:48 4    THE COURT:  No.
10:00:49 5         If you think there is work product, but how can there
10:00:52 6 be work product if there is not an attorney in the
10:00:55 7 communication.
10:00:56 8    MR. STARR:  I understand that, and I think you have
10:00:59 9 eliminated the access to the attorney calls if I understood
10:01:03 10 your ruling.
10:01:03 11    THE COURT:  Correct.
10:01:04 12    MR. STARR:  It is plaintiffs' position that the sheer
10:01:06 13 volume of calls, there is certainly going to be -- the vast
10:01:10 14 majority of calls will have no relevance whatsoever, but I
10:01:14 15 understand your order, Your Honor.
10:01:16 16    THE COURT:  All right.
10:01:16 17         Then I have got 144, the motion to compel defendant
10:01:22 18 Miedzianowski to sit for a deposition.
10:01:27 19    MR. GAINER:  Yes, sir.
10:01:28 20    THE COURT:  Do you have a response?
10:01:29 21    MR. GAINER:  I do.
10:01:30 22         My response is, as my response was to counsel when we
10:01:32 23 talked about this, I am trying to be pragmatic here.
10:01:36 24         Mr. Miedzianowski, unlike most defendants, or maybe
10:01:41 25 all defendants in these types of cases, is in prison for life.

10:01:45 1 There is very little leverage I have over him, or counsel has
10:01:49 2 over him, or really anyone has over him, to force him to do
10:01:54 3 anything, unfortunately.
10:01:56 4     THE COURT: That is not true entirely.
10:01:58 5     MR. GAINER: It is not true entirely.
10:02:00 6     THE COURT: He can be forced to sit in a room and if
10:02:03 7 he chooses to refuse to answer a question then we get into the
10:02:07 8 area of there is no way to force him or incentivize him, but
10:02:11 9 he can be produced for a deposition.
10:02:13 10     MR. GAINER: And we are not objecting to producing
10:02:16 11 him for his deposition. I want that to be very clear, and I
10:02:20 12 think it should be clear from my emails.
10:02:21 13     Mr. Miedzianowski is ready to sit for his deposition.
10:02:24 14 The sole factor hanging this up is video. He does not want to
10:02:29 15 be on video. The most that I can share with the Court about
10:02:34 16 his reasons is that he is concerned about publicity associated
10:02:38 17 with a videotaped deposition. I explained it to counsel
10:02:43 18 multiple times, and we talked about this. He is ready to
10:02:48 19 testify, and he will testify for the seven hours required by
10:02:52 20 the rules. He is literally a captive audience. He will come
10:02:59 21 out of his cell to testify if it is a deposition transcribed
10:03:04 22 by a court reporter. The video is the issue.
10:03:07 23     And if the true goal is to get his testimony, which
10:03:10 24 counsel has told me it is, then we can do that, it is the
10:03:15 25 video that is the issue.

| | | |
|---|---|---|
| 10:03:17 | 1 | MR. STARR: I will begin by saying certainly I think |
| 10:03:20 | 2 | in our motion I made it clear that Mr. Gainer said he would |
| 10:03:23 | 3 | sit for a deposition, it was just the video issue. We are |
| 10:03:27 | 4 | here before Your Honor today to address that. |
| 10:03:28 | 5 | Our concern, as we articulated I think in our motion, |
| 10:03:32 | 6 | is this is a 71 year old man that lives in not the most |
| 10:03:36 | 7 | healthy environment, this is a case that is multi-faceted and |
| 10:03:40 | 8 | has a lot of moving parts, multiple plaintiffs, multiple |
| 10:03:43 | 9 | defendants, it will be a while before we sit for a trial, I |
| 10:03:47 | 10 | believe. I can't be certain that he will be here. |
| 10:03:50 | 11 | So we want to take a videotaped deposition, which we |
| 10:03:54 | 12 | think is our right, and we think the Court has already ordered |
| 10:03:56 | 13 | we have the right to do, in order to preserve his testimony in |
| 10:03:58 | 14 | its most complete form. Written testimony, you know, no |
| 10:04:04 | 15 | concerns at all about court reporters' efforts to do their |
| 10:04:08 | 16 | jobs correctly, but a videotape is going to tell a further |
| 10:04:12 | 17 | tale. There are certainly other ways that we communicate as |
| 10:04:14 | 18 | human beings that go beyond the words that we say that are |
| 10:04:16 | 19 | then written down in a court reporter's court reporting |
| 10:04:18 | 20 | statement. |
| 10:04:19 | 21 | So, it is important for us to have it videotaped. |
| 10:04:21 | 22 | What if he doesn't want to come to trial and refuses to come |
| 10:04:24 | 23 | and testify at trial? We want a videotape that we can show to |
| 10:04:28 | 24 | the jury and if we have to impeach him at the trial or he |
| 10:04:31 | 25 | doesn't show up. We think that is within our right and what |

| | | |
|---|---|---|
| 10:04:34 | 1 | we are seeking. We think this Court has the ability to order |
| 10:04:38 | 2 | that. And then if we go and sit in a room and he refuses to |
| 10:04:41 | 3 | testify we will have to come back and address it at that |
| 10:04:45 | 4 | point. |
| 10:04:45 | 5 | MR. GAINER: May I say two things in response to |
| 10:04:47 | 6 | that, Judge? |
| 10:04:48 | 7 | THE COURT: No. |
| 10:04:52 | 8 | I am going to exercise my discretion and not allow |
| 10:04:55 | 9 | the videotaped deposition. I am sympathetic to the security |
| 10:05:02 | 10 | risk identified concerning the publicity by -- surrounding |
| 10:05:11 | 11 | something like this. Essentially this case is -- this |
| 10:05:14 | 12 | defendant put people in jail wrongfully, and that defendant is |
| 10:05:21 | 13 | in jail. That probably is not something that is -- that |
| 10:05:27 | 14 | enhances his safety, should that resurface. I understand this |
| 10:05:33 | 15 | his case received a lot of publicity, years ago, but I see |
| 10:05:38 | 16 | that as an unnecessary risk to the defendant's well-being. |
| 10:05:44 | 17 | So you can take the deposition, but you can't |
| 10:05:46 | 18 | videotape it. |
| 10:05:47 | 19 | MR. STARR: Your Honor, can I just ask a question? |
| 10:05:49 | 20 | And this is alluded to in the motion. |
| 10:05:51 | 21 | Isn't there a way that we could enter a protective |
| 10:05:55 | 22 | order where the videotape becomes attorney's eyes only? |
| 10:05:58 | 23 | THE COURT: But then you come to trial and he doesn't |
| 10:06:00 | 24 | appear and you want to put the videotape up. And so no. You |
| 10:06:04 | 25 | can preserve the testimony through a written transcript, and |

10:06:08  1   then you can read that transcript into the record.
10:06:11  2           MR. GAINER:  Thank you, Judge.
10:06:18  3           THE COURT:  The next one is the -- and hopefully that
10:06:21  4   extended sigh dealt with your hoarse voice and not -- -
10:06:24  5           MR. STARR:  It did, Your Honor, certainly.  And I
10:06:26  6   apologize.
10:06:27  7           THE COURT:  Okay.
10:06:27  8           The next motion is docket entry 148, a motion to
10:06:32  9   extend fact discovery.  There is a motion to extend the
10:06:36 10   timeline to respond, that is docket entry 150.  I will grant
10:06:40 11   150.  I have reviewed the motion for the extension of fact
10:06:47 12   discovery and the response.  I am going to grant the
10:06:51 13   extension.  It seems like both sides are in favor of it.  And
10:06:55 14   so discovery will be extended to March 14th, 2025.
10:07:02 15           I am sympathetic to plaintiffs' concerns that are
10:07:06 16   concerning new discovery, so the deadline to issue any
10:07:10 17   additional written discovery, including document subpoenas,
10:07:14 18   will be December 19th, 2024.  I understand that there will be
10:07:21 19   instances where information is revealed in a deposition that
10:07:26 20   leads to other sources of written discovery, but that will be
10:07:30 21   limited and the parties will need to establish justification
10:07:33 22   on why they could not have asked for it before, in other
10:07:37 23   words, it is news to us that we learned in the deposition.
10:07:41 24           There will be no further extensions of fact
10:07:44 25   discovery absent exceptional circumstances and a showing of

```
10:07:48   1   good cause, or good use, of the extension you are getting now.
10:07:53   2          So that will be laid out in a minute order, but March
10:07:57   3   14th, fact discovery closes.
10:07:59   4          MR. GAINER:  Thank you.
10:08:01   5          MS. ROMELFANGER:  Thank you, Judge.
10:08:02   6          THE COURT:  I think that takes care of all the
10:08:04   7   outstanding issues with the exception of 121, which we will
10:08:08   8   come back in December and work on.
10:08:10   9          MR. STARR:  And regarding 121, which I believe is the
10:08:13  10   document production from the City, since the last time we were
10:08:17  11   here I believe we only got a handful of documents, I think it
10:08:20  12   is under 50 pages of documents, so we are still waiting and we
10:08:23  13   have followed up with the City.
10:08:25  14          THE COURT:  Okay.
10:08:25  15          MS. KRAUCHUN:  All I can say, Judge, is we continue
10:08:27  16   to produce as we represented to the Court at the last court
10:08:30  17   hearing, and we expect to have that done by December.
10:08:33  18          THE COURT:  All right.
10:08:34  19          Thank you.
10:08:35  20          ALL RESPOND:  Thank you.
          21
          22
          23
          24
          25
```

## C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Krista Burgeson, CSR, RMR, CRR   November 20, 2024
Federal Official Court Reporter   Date