IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | |
| | ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | Hon. Jeremy C. Daniel |
| *v.* | ) ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to this Court's order, ECF No. 142, the undersigned parties provide the below update on outstanding discovery issues they intend to raise at the upcoming status hearing on December 12, 2024:

**I. Motion to Compel Production of Documents**

1. Plaintiffs filed a motion to compel production of documents on September 6, 2024. Dkt. 121.

2. The parties appeared before this Court to discuss the document production issues on September 10, 2024. Dkt. 124.

3. On September 12, 2024, Plaintiffs sent a letter to Defendant City of Chicago ("the City") identifying outstanding documents and asking the City to either produce those documents or confirm that it possessed no further responsive documents.

4. On October 4, 2024, the City made a supplemental production of 156 pages of records, including (82) pages of the criminal histories of (11) individuals, and PCP, NDI, and BIS documents for (2) identified officers.

5. On October 7, 2024, the City made a supplemental production of 73 pages of records, including the 1996 and 1997 Retention Schedules and the 1997 Department Directives Index.

6. On October 8, 2024, this Court continued the motion to compel and ordered the parties to submit a joint status report outlining the remaining outstanding documents, which the parties did. Dkt. 138.

7. On October 18, 2024, the City made a supplemental production of 4 pages of records containing a floor plan of 25th District in 1993; a no response record for camera footage; a no response record from OEMC; and a no response record for (4) identified officers.

8. On October 21, 2024, the City made a supplemental production of pages of records including (5) CRs and *Klipfel* documents.

9. On October 23, 2024, the City made a supplemental production of 1,208 pages of records containing files for (4) CRs.

10. On October 24, 2024, another hearing was held wherein the parties updated the Court on the status of document production. Dkt. 142.

11. The Court then scheduled a status hearing for December 12, 2024 to give Defendant City sufficient time to produce all of the remaining documents and to give Plaintiffs several weeks to review and make sure everything had been produced. *Id.*

12. On October 31, 2024, the City made a supplemental production of 28 pages of documents including the criminal histories of (3) individuals.

13. On review, Plaintiffs believe certain pages to be missing from the production and followed up with the City three separate times—Oct. 31, Nov. 12, and Nov. 20—requesting the production be corrected and asking for clarification on when the remaining outstanding documents

would be produced so Plaintiffs could plan their review prior to the December 12 hearing date. The City never responded nor did it correct the production because it is currently seeking confirmation from the CPD the timeframe when the log page use ceased in lieu of the computer files.

14. On November 14, 2024, this Court held another motion hearing wherein the City represented that it continues to produce as it represented to the Court at the October 24, 2024 hearing. Dkt. 153.

15. On November 25, 2024, the City produced 28 pages of records, including the criminal history of (3) individuals.

16. On December 4, 2024, the City produced 740 pages of records, including (1) 680-page CR file; (3) IR jackets for (3) individuals; and both Plaintiffs' arrest reports.

17. On today's date, December 5, 2024, the City produced 689 pages of records, including (1) CR file.

18. As of filing, the following documents, and/or confirmation that the City possesses no further documentation, are still outstanding:

- **Investigation of misconduct** (First Request Nos. 10, 26): (1) CR (Miedzianowski) remains outstanding and that is the 8,000-page CR that is expected to be produced in the next couple of days upon completion of redactions.

- **Criminal records (including IR jackets) of identified individuals** (First Request Nos. 17-20): Plaintiffs request the City produce all outstanding documents, including those raised in Plaintiffs' Oct. 31, Nov. 12, and Nov. 20 emails about the City's production. The City is currently investigating the time frame for requested logs (as identified above). The parties are also still conferring on identifying the remaining individuals.

- **Personnel files** (First Request No. 27): There are no outstanding documents. CPD cannot locate the personnel files of Defendant DeGraff and Defendant Miedzianowski. Plaintiffs request the City produce a no-records response.

3

- **Any documentation from the crime lab related to this case**: Plaintiffs request the City confirm that it has no further responsive documents. The City is confirming that all responsive documents that have been located have been produced.

## II.     Document Subpoena

19.     The parties are currently conferring on a subpoena Plaintiffs intend to issue to Federal Correctional Institution – Pekin concerning records pertaining to incarcerated Defendant Joseph Miedzianowski.

20.     Should the parties become at impasse, Plaintiffs will seek Court intervention.

## III.    Motion to Hold in Contempt

21.     Plaintiffs anticipate filing a motion to hold Juan Carlos Cruz in contempt and to compel him to appear for his deposition by writ of body attachment on file by Friday, December 13, 2024.

22.     Defendants' position is that they do not believe Mr. Cruz, the victim of a shooting, should be held in contempt. While Mr. Cruz did leave his prior deposition, he has at this point shown up twice pursuant to subpoena for his deposition. Defendants' position is that the parties should jointly seek to have the Court assist by ordering Mr. Cruz to appear for his deposition for a date/time certain at the courthouse with the Judge available for any issues that may arise.

RESPECTFULLY SUBMITTED,

/s/ Alyssa Martinez
**Attorney for Plaintiffs**

Jonathan I. Loevy
Steven E. Art
Anand Swaminathan
Sean Starr

/s/ Krystal Gonzalez
**Attorney for Reynaldo Guevara**

Timothy P. Scahill
Steven B. Borkan
Misha Itchhaporia
Graham P. Miller
Emily E. Schnidt

4

| | |
|---|---|
| Alyssa Martinez | Whitney N. Hutchinson |
| Quinn Rallins | Molly Boekeloo |
| | Krystal Gonzalez |
| Loevy & Loevy | |
| 311 North Aberdeen St, | Borkan & Scahill, Ltd |
| Chicago, IL 60607 | 20 S. Clark Street, Suite 1700 |
| (312)243-5900 | Chicago, IL 60603 |
| alyssa@loevy.com | (312)580-1030 |
| | kgonzalez@borkanscahill.com |
| /s/ Eileen Rosen | /s/ Allison Romelfanger |
| **Attorney for City of Chicago** | **Attorney for Defendants Geri Yanow, as Special Representative of Ernest Halvorsen, deceased, and Robert DeGraff, deceased, Robert Biebel, and Joel Bemis** |
| Eileen E. Rosen | |
| Catherine Barber | |
| Theresa Carney | |
| Kelly Krauchun | James G. Sotos |
| Austin Rahe | Josh M. Engquist |
| Andrew Grill | Jeffrey R. Kivetz |
| Jessica Zehner | Allison L. Romelfanger |
| Lauren Ferrise | Kyle T. Christie |
| Rock Fusco & Connelly, LLC | THE SOTOS LAW FIRM, P.C. |
| 333 W. Wacker Drive, 19th Floor | 141 W. Jackson Blvd, Suite 1240A |
| Chicago, IL 60606 | Chicago, IL 60604 |
| (312) 494-1000 | P: (630) 735-3300 |
| erosen@rfclaw.com | aromelfanger@jsotoslaw.com |

/s/ Brian Gainer
**Attorney for Joseph Miedzianowski**

Brian P. Gainer
Lisa M. McElroy

Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, certify that on December 5, 2024, I caused the foregoing document to be filed using the Court's CM/ECF System which affected service upon all counsel of record.

/s/ Alyssa Martinez
*One of Plaintiffs' Attorneys*