IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | |
| | ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | Hon. Jeremy C. Daniel |
| *v.* | ) ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION FOR A CONTEMPT ORDER AND WRIT OF BODY ATTACHMENT REGARDING JUAN CARLOS CRUZ

Plaintiffs Juan Hernandez and Rosendo Hernandez, by their attorneys, Loevy & Loevy, pursuant to Federal Rule of Civil Procedure 45, respectfully move for a finding of contempt and writ of body attachment against Juan Carlos Cruz arising from his non-compliance with Plaintiffs' deposition subpoenas and this Court's order. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs Juan and Rosendo Hernandez filed this 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers on March 21, 2023 for constitutional violations arising from their wrongful arrest, prosecution, and conviction for the June 27, 1997 shooting death of Jorge Gonzalez. Dkt. 1. There were several bystanders who witnessed the shooting, including then-16-year-old Juan Carlos Cruz. Cruz was also hit by a bullet during the shooting. *Id.*

2. Defendants allege that Cruz identified Plaintiffs as the perpetrators in a photo array and live line-up identification procedure, and he testified at the criminal trials of both Plaintiffs. Plaintiffs, however, contend that these supposed identifications were the result of fabrication and unduly suggestive manipulation by Defendants, and that Defendants suppressed

impeachment information relating to their interactions with Cruz, violating Plaintiffs' right to due process and a fair trial. *Id.* Plaintiffs also believe Defendants used similar tactics on other witnesses to the shooting and that Cruz has discussed these tactics with those witnesses in the years since the shooting. *Id.*

3. Defendant Guevara has taken the Fifth when asked about his role in the identification of Plaintiffs. Other Defendants have not testified (because they are deceased) or have entirely disclaimed knowledge.

4. The parties have repeatedly attempted to work with Mr. Cruz to schedule his deposition around his availability.

5. On August 7, 2023, shortly after discovery opened in this case, Plaintiffs' counsel served Cruz with a deposition subpoena, for a deposition to take place in September 2023 and provided Defendants notice of that deposition. Ex. A. Plaintiffs also attached a cover letter informing Cruz that the subpoenaed date, September 25, 2023, was a placeholder date. Ex. B.

6. On August 9, 2023, Cruz called counsel for Plaintiffs stating that he was not going to appear for his deposition and that he was going to rip up the witness appearance check that Plaintiffs had provided. Ex. C.

7. On Friday, September 22, 2023, the parties in this and other cases pertaining to Defendant Reynaldo Guevara with the same counsel as here suspended depositions because of a disagreement in questioning priority that required Court intervention. Dkts. 83–95, 97–99.

8. On Monday, September 25, 2023, despite saying he was not going to appear and being told it was a placeholder date, Cruz arrived at the location listed on the subpoena for his deposition. Plaintiffs' counsel informed him that the date had been changed.

9. On May 9, 2024, Plaintiffs then again served Cruz with a subpoena for his deposition which was slated to occur on June 18, 2024. Ex. D. Plaintiffs then provided notice to Defendants. Ex. E.

10. On May 22, 2024, Plaintiffs called Cruz to confirm his appearance for his deposition. Cruz told Plaintiffs that he was not showing up again. Counsel for Plaintiffs explained to him that he was under a subpoena stemming from a federal case to appear for his deposition, and Cruz replied that he would not be appearing and that he would deal with the consequences.

11. Cruz then called counsel for Defendants and stated that he would only sit for his deposition if (1) it started in the afternoon, (2) it was located in Bloomington, and (3) if Plaintiffs' counsel agrees that Plaintiffs Juan and Rosendo Hernandez will not be present for the deposition.

12. Cruz also texted an investigator working for Defendants on May 22, 2024 confirming that he was not attending and texted the same investigator on June 14, 2024 expressing his refusal to sit for a deposition at the office of Plaintiffs' counsel stating, "I won't agree to go back to that office" and "Not gonna happen . . . I will go to jail to protect my family." Ex. F.

13. In order to facilitate the deposition, Plaintiffs' counsel agreed to hold Cruz's deposition in Bloomington, to begin the deposition at 12pm, and to not have Plaintiffs be present. However, in order to accommodate, the parties needed to reschedule the deposition for September 17, 2024. Plaintiffs then sent an amended notice to Defendants. Ex. G.

14. During his September 17, 2024 deposition, after approximately five minutes of questioning, Cruz got up and left. Plaintiffs' counsel had been asking Cruz about the number of

perpetrators he observed at the scene and reported to police when Cruz stood up, yelled "I can't do this, dude. You guys figure it out. Take me to court. Lock me up. I don't care. I'm not fucking doing this again," and stormed out. Ex. H. Plaintiffs stated on the record that Court intervention may be needed to secure Cruz's deposition, and Defendants stated that they would let Plaintiffs know their position. *Id.*

15. Plaintiffs then raised the issue of Cruz's non-compliance with the Court via status hearing on October 24, 2024, Dkt. 142; via response brief to Defendants' Motion to Extend Fact Discovery on November 11, 2024, Dkt. 152; via status report on December 5, 2024, Dkt. 156; and during a status hearing on December 12, 2024, Dkt. 157.

16. On December 12, 2024, after apprising the Court of the efforts made by Plaintiffs to secure Cruz's deposition, this Court gave a verbal order, and entered a minute entry, commanding Cruz to appear for the completion of his deposition at a date and time agreeable to all parties. Dkt. 157.

17. Plaintiffs served the Court's order on Cruz on December 21, 2024. Ex. I. Plaintiffs also attached a cover letter explaining the order and instructing Cruz to contact the parties. Ex. J.

18. Plaintiffs also made efforts to get in contact with Cruz to find availability for his deposition, but were not successful. Plaintiffs finally got in touch with Cruz on January 27, 2025. Counsel for Plaintiffs explained the Court's order to Cruz. Cruz said that in spite of the Court's order he would not sit for his deposition unless it happened in Bloomington and began after 3pm, splitting his deposition between two days, or occurred over the weekend. Cruz also informed counsel for Plaintiffs that if he felt badgered, he would walk out again. Plaintiffs explained that he could then be found in contempt if he did not comply with the Court's order.

19. Plaintiffs then again made efforts to contact Cruz but were not successful. Ultimately, on March 25, 2025, Plaintiffs again got in touch with Mr. Cruz and explained that due to the remaining discovery in this case and the availability of the parties, the deposition would need to occur on a weekday. Cruz told counsel for Plaintiffs that he would not take a day off work to sit for his deposition and would not drive to any location outside of Bloomington for his deposition. Counsel for Plaintiffs again explained that he was under Court order to sit for this deposition and, should he refuse, the Court could find him in contempt and issue a writ of body attachment where the U.S. Marshals would take him into custody to sit for his deposition. Cruz affirmed that he would not be appearing for any deposition that did not occur after 2pm in Bloomington.

20. Under Federal Rule of Civil Procedure Rule 45(g), this Court may "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). To hold a person in contempt, the moving party "must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2002). A party may initiate contempt proceedings where, as here, a non-party witness has failed to comply with a subpoena issued by an attorney. *Id*. at 693 ("[S]ubsection (g) of Rule 45 broadly refers to the contempt power of the 'issuing court,' which implies that all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court.").

5

21. The burden under Rule 45 has been firmly satisfied given the efforts described above. Mr. Cruz has intentionally failed to comply with Plaintiffs' subpoenas, has left his deposition after less than five minutes of questioning, has announced his intention to not comply with served (and any forthcoming) subpoenas multiple times—after being afforded fair notice of the deposition date, time, and place and efforts being made by the parties to reschedule or accommodate his schedule. Most importantly, he is openly disregarding this Court's order.

22. This Court should hold Cruz in contempt and issue a writ of body attachment directing the U.S. Marshals Service to bring Cruz to the United States Courthouse at 219 S. Dearborn, Chicago, Illinois 60604 on a date and time determined by the Court and the parties.

23. This is the same relief that was necessary and was entered by Judge Ellis for two non-compliant witnesses in *Johnson v. Guevara*, No. 20 C 4156, see Dkt. 158 (*see also* Dkts. 132, 134, 135, 141, 142, 147, 155, 157) (N.D. Ill.), and for one non-compliant witness in *Sierra v. Guevara*, No. 18 C 3029, see Dkt. 519-5 (N.D. Ill.), both Guevara cases currently being litigated in this district. This same relief was also ordered by Judge Jantz for a non-compliant witness in *Rodriguez v. Guevara*, No. 22 C 6141 (N.D. Ill.).

24. Plaintiffs conferred with Defendants for their position on the motion, and Defendants' position is as follows: Mr. Cruz walked out of his September 2024, deposition because he voiced that he felt he was being harassed on questioning from Plaintiffs' counsel. For 3 months, Plaintiffs did not seek any remedy with respect to Mr. Cruz until they brought it to the Court's attention at a status hearing in December 2024. The Court in December of 2024 ordered the parties to set a date for Mr. Cruz's deposition and noted that if he failed to appear at that time, he could be held in contempt. (Dkt. 157.) As of the date of Plaintiffs' motion, Plaintiffs have not updated Defendants on what efforts they made to secure Mr. Cruz's deposition pursuant

6

to the Court's December 2024 Order. To Defendants' knowledge, Plaintiffs have not served Mr. Cruz with a subsequent subpoena for a new date agreed on by the parties, despite that Defendants have offered Plaintiffs numerous dates they are available for Mr. Cruz's deposition. Mr. Cruz is the victim of a shooting and should not be held in contempt. While Mr. Cruz did leave his prior deposition, as noted above, he voiced that he felt he was being harassed, and he has at this point shown up twice pursuant to Plaintiffs' subpoenas for his deposition. Defendants' position is that Mr. Cruz should instead be ordered to appear for his deposition for a date/time certain at the courthouse with Judge Daniel or Magistrate McShain available for any issues that may arise.

WHEREFORE, Plaintiffs respectfully request that this Court find Juan Carlos Cruz in contempt and issue a writ of body attachment against him directing the U.S. Marshals Service to bring him to the U.S. Courthouse on a date determined by the Court and the parties, and grant any additional relief the Court deems just and proper.

RESPECTFULLY SUBMITTED,

**JUAN HERNANDEZ & ROSENDO HERNANDEZ**

BY**:**  /s/ Alyssa Martinez
*Attorney for Plaintiffs Hernandez*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Quinn Rallins
Alyssa Martinez
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

7

**CERTIFICATE OF SERVICE**

  I, Alyssa Martinez, an attorney, certify that on April 1, 2025, I caused the foregoing document to be filed using the Court's CM/ECF System which affected service upon all counsel of record.

                /s/ Alyssa Martinez
                *One of Plaintiffs' Attorneys*