IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | |
| | ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | Hon. Jeremy C. Daniel |
| *v.* | ) ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE REGARDING BERNARD BRENNAN

Plaintiffs Juan Hernandez and Rosendo Hernandez, by their attorneys, Loevy & Loevy, respectfully move this Court to enter an order requiring Bernard Brennan to show cause why he should not be held in contempt for failing to comply with a duly served subpoena for his deposition. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs Juan and Rosendo Hernandez filed this 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers on March 21, 2023 for constitutional violations arising from their wrongful arrest, prosecution, and conviction for the June 27, 1997 shooting death of Jorge Gonzalez. Dkt. 1. One of the officers initially assigned to investigate the incident was Detective Bernard Brennan.

2. Mr. Brennan was assigned the night of the shooting, interviewed the eyewitnesses, and conducted a canvass of the area. As such, Mr. Brennan has material and relevant information pertaining to the case and third-party witnesses. Defendants allege that some of these critical third-party witnesses identified Plaintiffs as the perpetrators in a photo array and live line-up identification procedure. Plaintiffs, however, contend that these supposed identifications were the

result of fabrication and unduly suggestive manipulation by Defendants, and that Defendants suppressed impeachment information relating to their interactions with the witnesses, violating Plaintiffs' right to due process and a fair trial. *Id.*

3. Defendant Guevara has taken the Fifth when asked about his role in the identification of Plaintiffs. Other Defendants have not testified (because they are deceased) or have entirely disclaimed knowledge.

4. On Defendants' Joint Fed. R. Civ. P. 26(a)(1) disclosures, Defendant City of Chicago listed Mr. Brennan as an individual likely to have knowledge of the case who may be contacted through counsel for the City. Ex. A.

5. Plaintiffs first requested deposition dates for Mr. Brennan in May 2024 and continued to follow up with multiple requests in the ensuing months. Defendants did not provide a substantive response until November 8, 2024, when the City stated it had been unable to reach Mr. Brennan and disclosed his home address. Ex. B.

6. On November 29, 2024, Plaintiffs served Mr. Brennan with a deposition subpoena at his home, for a deposition scheduled to take place on January 14, 2025. Ex. C. Plaintiffs provided Defendants notice of that deposition and proof of service. Exs. D-E.

7. On January 14, 2025, Mr. Brennan failed to appear for his deposition. The parties made a record of his non-appearance. Ex. F.

8. While making a record, counsel for the City stated that her office had received a call on January 13, 2025 from Attorney Patrick O'Byrne, representing Mr. Brennan, who informed the City that Mr. Brennan would not be appearing. *Id.*

9. Plaintiffs then contacted Attorney O'Byrne to inquire as to Mr. Brennan's non-appearance. O'Byrne told Plaintiffs' counsel that Mr. Brennan was refusing to sit for his deposition and that he was not in Chicago at the moment.

10. Plaintiffs attempted to reschedule Mr. Brennan's deposition by requesting new dates from Defendants over the following weeks, but never received dates. *See* Ex. G at 2-5, 15.

11. On March 7, 2025, counsel for Defendants informed Plaintiffs that they anticipated representing Mr. Brennan at his deposition, would contact Attorney O'Byrne, and would provide new dates. *Id.* at 1. Plaintiffs again never received dates.

12. As such, Plaintiffs again contacted Attorney O'Byrne about Mr. Brennan's deposition, and Attorney O'Byrne stated that he would speak with his client about the deposition. After speaking with Mr. Brennan, O'Byrne still did not have an answer as to whether Mr. Brennan would comply with the subpoena served upon him and sit for his deposition. Plaintiffs' counsel informed him that they would then be filing a motion for rule to show cause and would issue a new notice for Mr. Brennan's deposition to him to produce his client.

13. Plaintiffs issued that notice on May 9, 2025. Ex. H.

14. Because of Mr. Brennan's non-compliance, Plaintiffs respectfully request this Court enter an order commanding Mr. Brennan to show cause for why he should not be held in contempt for not complying with the subpoena served upon him and/or compel him to sit for his deposition.

15. Plaintiffs conferred with Defendants for their position on the Motion and, as of filing, Defendants have not provided their position.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order directing Bernard Brennan to show cause why he should not be held in contempt for failure to comply with

3

Plaintiffs' subpoena, compel his appearance for his deposition, and any other relief this Court deems just and proper.

                RESPECTFULLY SUBMITTED,

                **JUAN HERNANDEZ & ROSENDO HERNANDEZ**

                BY**:**   /s/ Alyssa Martinez
                *Attorney for Plaintiffs Hernandez*

                Jon Loevy
                Anand Swaminathan
                Steve Art
                Sean Starr
                Quinn Rallins
                Alyssa Martinez
                LOEVY & LOEVY
                311 North Aberdeen St., Third Floor
                Chicago, IL 60607
                (312) 243-5900
                alyssa@loevy.com

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, certify that on May 9, 2025, I caused the foregoing document to be filed using the Court's CM/ECF System which affected service upon all counsel of record.

/s/ Alyssa Martinez
*One of Plaintiffs' Attorneys*