IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | |
| | ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | Hon. Jeremy C. Daniel |
| *v.* | ) ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE REGARDING MARYBEL ARROYO

Plaintiffs Juan Hernandez and Rosendo Hernandez, by their attorneys, Loevy & Loevy, respectfully move this Court to enter an order commanding Marybel Arroyo to sit for her deposition and to show cause as to why she should not be held in contempt for failure to comply with Plaintiffs' subpoenas should she not appear. In support, Plaintiffs state as follows:

1. Plaintiffs Juan and Rosendo Hernandez filed this twelve-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers on March 21, 2023 for constitutional violations arising from their wrongful arrest, prosecution, and conviction for the June 27, 1997 shooting death of Jorge Gonzalez. Dkt. 1. There were several bystanders who witnessed the event, including Marybel Arroyo. *Id*.

2. Defendants allege that certain eyewitnesses identified Plaintiffs as the perpetrators of the shooting in a photo array and live line-up identification procedure. Plaintiffs, however, contend that these supposed identifications were the result of fabrication and unduly suggestive manipulation by Defendants, and that Defendants suppressed impeachment information relating to their interactions with the witnesses, violating Plaintiffs' right to due process and a fair trial. *Id*.

Plaintiffs also believe that the witnesses to the shooting, including Ms. Arroyo, discussed the tactics Defendants used with those certain witnesses in the years since the shooting. *Id.*

3. Defendant Guevara has taken the Fifth when asked about his role in the identification of Plaintiffs. Other Defendants have not testified (because they are deceased) or have entirely disclaimed knowledge.

4. Plaintiffs have repeatedly attempted to work with Ms. Arroyo to schedule her deposition around her availability.

5. On August 11, 2023, shortly after discovery opened in this case, Plaintiffs' counsel served Ms. Arroyo with a deposition subpoena, for a deposition to take place in September 2023 and provided Defendants notice of that deposition. Ex. A. Plaintiffs also attached a cover letter informing Ms. Arroyo that the subpoenaed date, September 27, 2023, was a placeholder date. Ex. B.

6. On Friday, September 22, 2023, the parties in this and other cases pertaining to Defendant Reynaldo Guevara with the same counsel as here suspended depositions because of a disagreement in questioning priority that required Court intervention. Dkts. 83-95, 97-99.

7. Plaintiffs' counsel relayed this information to Ms. Arroyo and informed her that the parties would be in touch soon to reschedule her deposition.

8. Following the Court's resolution of the deposition dispute, the parties began coordinating new deposition dates, including for Ms. Arroyo.

9. Plaintiffs' counsel made numerous attempts to contact Ms. Arroyo to reschedule, including multiple phone messages and at least six visits by Plaintiffs' counsel and investigators to her residence. On each visit, Ms. Arroyo refused to come to the door or sent a family member

in her place. On one occasion, her husband stated that Ms. Arroyo would not appear for her deposition unless she was re-served.

10. Plaintiffs subsequently served Ms. Arroyo with a second subpoena on November 20, 2024, scheduling her deposition for January 10, 2025. Exs. C-D. Ms. Arroyo would not come to the door, but her husband agreed to accept the subpoena on her behalf. Plaintiffs provided notice to Defendants of the rescheduled deposition. Ex. E.

11. On January 9, 2025, Ms. Arroyo contacted Plaintiffs' counsel to cancel the next day's deposition and requested a new date. The parties agreed to reschedule.

12. After January 9, 2025, Ms. Arroyo again ceased communication with Plaintiffs' counsel. The parties attempted to reschedule the deposition for February 17, 2025, but were not able to confirm the date with the witness. Plaintiffs continued to attempt to coordinate a mutually agreeable date but received no reply.

13. The parties then attempted to reschedule her deposition for May 12, 2025. Plaintiffs' counsel again attempted to contact Ms. Arroyo about the new date, but she did not respond. Plaintiffs' investigator also went to her home to discuss the new date, or serve her with a third subpoena if necessary, but no one came to the door.

14. On May 9, 2025, counsel for Defendants advised that she had spoken with Ms. Arroyo, who expressed willingness to appear for her deposition, and requested that it be conducted on a Tuesday and via Zoom. The parties are presently working cooperatively to accommodate this request.

15. However, while Plaintiffs appreciate Defendants' efforts and Ms. Arroyo's renewed vow to sit for her deposition, due to (1) the critical nature of her testimony, (2) the remaining time to complete depositions in this case, (3) her previous avoidance of service and

severing contact, and (4) the Court's deadline for motions concerning depositions, Plaintiffs respectfully submit this Motion to ensure her appearance and compliance.

16. Accordingly, Plaintiffs respectfully request that this Court enter an order compelling Ms. Arroyo to sit for her deposition and to show cause as to why she should not be held in contempt for failing to comply with the duly issued subpoenas should she not appear.

17. Plaintiffs conferred with Defendants for their position on the Motion, and Defendants stated they oppose the Motion. Defendants have requested two business days to file a response.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order commanding Marybel Arroyo to sit for her deposition and to show cause as to why she should not be held in contempt for failure to comply with Plaintiffs' subpoenas should she not appear, and any other such relief this Court deems just and proper.

RESPECTFULLY SUBMITTED,

**JUAN HERNANDEZ & ROSENDO HERNANDEZ**

BY: /s/ Alyssa Martinez
*Attorney for Plaintiffs Hernandez*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Quinn Rallins
Alyssa Martinez
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

## **CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, certify that on May 9, 2025, I caused the foregoing document to be filed using the Court's CM/ECF System which affected service upon all counsel of record.

/s/ Alyssa Martinez
*One of Plaintiffs' Attorneys*
