**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ | ) | Case No. 23 CV 01737 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Jeremy C. Daniel |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Heather K. McShain |
| | ) | |
| REYNALDO GUEVARA, GERI LYNN | ) | JURY DEMAND |
| YANOW, as special representative of the | ) | |
| ESTATE OF ERNEST HALVORSEN and | ) | |
| ROBERT DEGRAFF, JOSEPH | ) | |
| MIEDZIANOWSKI, JOEL BEMIS, ROBERT | ) | |
| BIEBEL, and the CITY OF CHICAGO | ) | |
| Defendants. | ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION**
**TO COMPLETE REMAINING FACT DISCOVERY DEPOSITIONS**

Defendants, by their undersigned attorneys, jointly move unopposed for an extension to complete remaining fact discovery depositions during *Monell* discovery, up to and including July 8, 2025, and state:

**Procedural Background**

1.      Plaintiffs Juan and Rosendo Hernandez bring a 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers—filed on March 21, 2023, (Compl., Dkt. 1), and last amended on September 28, 2023, (1st Am. Compl., Dkt. 58)— for claims arising out of their arrest, prosecution, and conviction for the June 27, 1997, murder of Jorge Gonzalez and attempted murder of Juan Carlos Cruz.

2.      On January 11, 2024, this Court set a non-*Monell* fact discovery deadline of October 31, 2024. (Dkt. 101.)

3.    The parties thereafter spent a considerable amount of time negotiating the scope of discovery, participated in significant written discovery, and completed a number of depositions. However, due to the amount of discovery that remained outstanding, Defendants moved for an extension of the October 31, 2024, deadline to April 30, 2025. (Dkt.148.) This Court later entered an order, granting Defendants' motion in part, and extending discovery up to and including March 14, 2025. (Dkt. 153.)

4.    During the following months, the parties again worked diligently to complete a large amount of discovery. However, despite the parties' good faith attempts to get all depositions completed before the March 14 deadline, the parties were unable to complete all properly noticed deposition before the deadline due to scheduling conflicts and/or issues with witnesses.

5.    As a result, Defendants moved partially agreed for an extension of fact discovery up to and including July 14, 2024. (Dkt. 164.) Thereafter this Court granted Defendants' motion in part, allowing only for the parties to complete those depositions properly noticed before the previous March 14 deadline. (Dkt. 166.) The Court ordered these depositions to be completed by June 6, 2025. (*Id*.) Further, this Court subsequently set a Monell discovery deadline of July 8, 2025. (Dkt. 175.)

6.    Since the parties last extension, the parties have completed the following depositions: Jondalyn Fields (April 11, 2025), Esther Hernandez (April 15, 2025), Jennifer Pinkston (April 29, 2025), and Mohamed Omar (May 7, 2025).

7.    In addition, the parties have the following depositions scheduled: William Vilaro (May 15, 2025), ASA George Andrews (May 19, 2025), Carlos Moises Lopez (May 20, 2025),

Kent Brody (May 21, 2025), Nelson Pacheco (May 23, 2025), ASA Margaret Wood & ASA

Heather Brualdi (May 28, 2025), Francisco Figueroa (June 6, 2025).

8.　　Further, the parties previously agreed to June 2, 2025, for Juan Carlos Cruz. As of

the filing of this motion, Plaintiffs have not sent a new notice or supplement to this Court

regarding this date for Cruz.

9.　　The parties are also currently working on scheduling Marybel Arroyo for June 3,

2025.

10.　　However, the following depositions still remain outstanding:

    a.　　Retired Chicago Police Detective Bernard Brennan (*see* Plaintiffs' Rule to Show Cause, Dkt. 184)).

    b.　　Daniel Violante (*see* Defendants' Motion to Compel Daniel Violante (Dkt. 185).

    c.　　Defendants previously noticed up the deposition of Mary Hernandez, Plaintiffs' sister, in December 2024, for her deposition to proceed on February 18, 2025. However, on February 13, 2025, Plaintiffs' counsel informed Defendants the deposition was cancelled because Mary "had a conflict come up." Thereafter the parties agreed on April 28, 2025, for Mary's deposition to proceed. However, the night before the deposition was set to proceed on April 27, Plaintiffs' counsel cancelled the deposition noting that they had not heard back from Mary to confirm the date and thus the parties would need to reschedule. Defendants are still attempting to find a date available to all counsel to reschedule this deposition.

    d.　　Defendants previously noticed up the deposition of Pastor Rene Munoz, Plaintiffs' disclosed damages witness, in December 2024, for his deposition to proceed February 6, 2025. On February 3, Plaintiffs' counsel cancelled the deposition noting that they had been making efforts to confirm the date for Pastor Munoz "but have been unable to." Mr. Munoz's deposition was thereafter set to proceed on April 14, 2025. On April 11, Plaintiffs' counsel emailed defense counsel stating that Mr. Munoz was "facilitating" and attending a wake for his niece CPD Officer Torres and that it was uncertain as to whether his deposition could proceed on April 14. The day prior to the deposition, Plaintiffs' counsel emailed defense counsel and noted that while the wake was not going occurring on April 14, Pastor Munoz had "duties he need[ed] to perform tomorrow related to the wake" and thus could not sit for his scheduled deposition.

Defendants are still attempting to find a date available to all counsel to reschedule this deposition.

e.  The parties had originally agreed to the deposition of Defendant Joseph Miedzianowski on August 8, 2024. However, issues arose regarding the videotaping of Miedzianowski's deposition. Plaintiffs filed a motion to compel Miedzianowski's videotaped deposition on October 30, 2024, which this Court denied. (Dkt. 144, 153.) The parties thereafter set Defendant Miedzianowski's deposition to proceed on March 3, 2025. However, Plaintiffs' counsel cancelled the deposition requesting the City to un-redact certain portions of a large Complaint Register ("CR") related to Miedzianowski prior to his deposition. The City thereafter produced an unredacted version of the CR file. The parties are currently working on logistical issues involving this deposition and hope to have it scheduled soon.

f.  Plaintiffs noticed up the depositions of retired Chicago Police Officers Jon Woodall and John Galligan. Both Woodall and Galligan are undergoing medical treatment for serious medical issues that are preventing them from being able to sit for their depositions prior to the close of discovery. Counsel for the City has informed Plaintiffs' counsel that Mr. Galligan can be available in June. The Parties are still conferring on a potential date for Mr. Woodall.

g.  Plaintiffs previously noticed up and served a subpoena on former Assistant State's Attorney Daniel Galivan. The parties are still working on mutually agreeable dates to complete these depositions, including a date that works for ASA Galivan and his counsel.

h.  Counsel for Defendant Guevara also previously noticed up the deposition of Assistant United States Attorney Brian Netols. Counsel for Defendant Guevara is currently engaged in the *Touhy* process with the US Attorney's Office necessary to proceed with this deposition.

## Other Scheduling Issues

11.  In addition to the above, there are at least nine analogous reversed conviction cases involving Defendants' and Plaintiffs' counsel proceeding along similar discovery schedules that also have numerous depositions scheduled or are in the process of being scheduled in the coming weeks and months.[1]

---

[1] (1) *Abrego v. Guevara*, 23-cv-1740; (2) *Davila v. Guevara*, 23-Cv-1739; (3) *Flores v. Guevara*, 23-CV-1736; (4) *Gecht/Kwil/Hernandez, R. v. Guevara*, 23-CV-1742; (5) *Martinez/Kelly/Tinajero, 23-cv-5354*;

**Parties' Conferral**

12.     Counsel for the Defendant Officers, Allison Romelfanger, as well as counsel for the City, Eileen Rosen, contacted counsel for Plaintiffs, Steve Art, regarding the relief sought herein. At that time, Mr. Art indicated Plaintiffs "will not object to a motion to permit the parties to conduct depositions already identified by the parties and the court (but no others) up to the Monell discovery deadline of July [8], 2025. Our agreement is premised on the understanding that Defendants will produce each remaining witness who they control, including Woodall and Galligan, sufficiently before that date."

13.     Defendants agree that all remaining witnesses under their control will be produced for their deposition. This, however, will be contingent upon when Woodall and Galligan are medically able to sit for their deposition as noted above.[2]

**Conclusion**

14.     This motion is not brought for purposes of delay, but to ensure that the parties are able to fully conduct all discovery necessary for their claims and defenses.

15.     Because of the discovery that remains as detailed herein, including numerous depositions that were cancelled and/or did not proceed through no fault of the parties, and for the reasons above, Defendants respectfully request an extension to complete the remaining depositions noted above during the pendency of *Monell* discovery, up to and including July 8, 2025.

---

(6) *Lugo v. Guevara*, 23-CV-1738; (7) *Rivera v. Guevara*, 23-CV-1743; (8) *Robinson v. Guevara*, 24-CV-5954; and (9) *Rodriguez v. Guevara*, 22-CV-6141.

[2] Defendants did not include details of Galligan and Woodall's health status given HIPAA restrictions. However, should the Court require further information on the status of Woodall and Galligan's health, Defendants are willing to provide this Court with more details under seal.

Dated: May 13, 2025                    Respectfully submitted,

/s/ Allison L. Romelfanger                    /s/ Molly E. Boekeloo
ALLISON L. ROMELFANGER, Atty No.              MOLLY BOEKELOO, Atty No. 6330186
6310033                                       Special Assistant Corporation Counsel
Special Assistant Corporation Counsel         *One of the Attorneys for Reynaldo Guevara*
*One of the Attorneys for Individual Defendants*

James G. Sotos                                Steven B. Borkan
Josh M. Engquist                              Timothy P. Scahill
Jeffrey R. Kivetz                             Emily E. Schnidt
Allison L. Romelfanger                        Misha Itchhaporia
Jeffrey Grossich                              Graham P. Miller
Kyle T. Christie                              Molly Boekeloo
Special Assistant Corporation Counsel         Christine E. Murray
THE SOTOS LAW FIRM, P.C.                       Krystal Gonzalez
141 W. Jackson Blvd., Suite 1240A             Andrea Checkai
Chicago, IL 60604                             Borkan & Scahill, Ltd.
Tel: (630) 735-3300                           20 South Clark Street, Suite 1700
aromelfanger@jsotoslaw.com                    Chicago, IL 60603
                                              (312) 580-1030
                                              mboekeloo@borkanscahill.com

/s/ *Theresa Berousek Carney*
THERESA BEROUSEK CARNEY                        /s/Brian P. Gainer
Special Assistant Corporation Counsel         BRIAN P. GAINER
*One of the Attorneys for City of Chicago*     *One of the Attorneys for Miedzianowski*

Eileen E. Rosen                               Brian P. Gainer
Andrew J. Grill                               Lisa M. McElroy
Austin G. Rahe                                Johnson & Bell, Ltd.
Catherine M. Barber                           33 W. Monroe St., Ste. 2700
Lauren M. Ferrise                             Chicago, IL 60603
Theresa B. Carney                             312-372-0770
Kelly A. Krauchun                             gainerb@jbltd.com
Rock, Fusco & Connelly                        mcelroyl@jbltd.com
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
tcarney@rfclaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Allison L. Romelfanger, an attorney, certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on **Tuesday, May 13, 2025**, I electronically filed the foregoing **DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION TO COMPLETE REMAINING FACT DISCOVERY DEPOSITIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***<u>Attorneys for Plaintiff</u>***
Steven E. Art
Anand Swaminathan
Sean Starr
Annie D. Prossnitz
Jonathan I. Loevy
Arthur R. Loevy
Daniel J. Stohr
Isabella Aguilar
Margaret Gould
Quinn Rallins
Alyssa Martinez
Valarie Barajas
Lilly Dunkin
Marc Motter
Loevy & Loevy
311 North Aberdeen St, 3rd Fl
(312)243-5900
Chicago, IL 60607
steve@loevy.com
anand@loevy.com
sean@loevy.com
prossnitz@loevy.com
jon@loevy.com
arthur@loevy.com
dan@DanStohr.com
aguilar@loevy.com
gould@loevy.com
rallins@loevy.com
alyssa@loevy.com
valerie@loevy.com
dunkin@loevy.com
motter@loevy.com

**<u>Attorney for City of Chicago</u>**
Eileen E. Rosen

***<u>Attorney for Reynaldo Guevara</u>***
Misha Itchhaporia
Graham P. Miller
Emily E. Schnidt
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Molly Boekeloo
Christiane E. Murray
Andrea F. Checkai
Drew Wycoff
Borkan & Scahill, Ltd
20 S. Clark Street, Suite 1700
(312)580-1030
mitchhaporia@borkanscahill.com
gmiller@borkanscahill.com
eschndit@borkanscahill.com
tscahill@borkanscahill.com
sborkan@borkanscahill.com
whutchinson@borkanscahill.com
mboekeloo@borkanscahill.com
cmurray@borkanscahill.com
acheckai@borkanscahill.com
dwycoff@borkanscahill.com

**<u>Attorney for Joseph Miedzianowski</u>**
Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com

7

Theresa Carney
Catherine Barber
Austin Rahe
Andrew Grill
Lauren Ferrise
Kelly A. Krauchun
Sabrina Scardamaglia
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312)494-1000
erosen@rfclaw.com
tcarney@rfclaw.com
cbarber@rfclaw.com
arahe@rfclaw.com
agrill@rfclaw.com
lferrise@rfclaw.com
kkrauchun@rfclaw.com
sscardamaglia@rfclaw.com

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER, Atty No. 6310033
Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*