IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | Case No. 23 CV 01737 |
| Plaintiffs, | ) ) | |
| | ) ) | Hon. Jeremy C. Daniel |
| v. | ) ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, GERILYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN and ROBERT DEGRAFF, JOSEPH MIEDZIANOWSKI, JOEL BEMIS, ROBERT BIEBEL, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
RULE TO SHOW CAUSE AGAINST MARYBEL ARROYO**

Defendants Reynaldo Guevara, Geri Lynn Yanow as Special Representative of Ernest Halvorsen (deceased) and Robert DeGraff (deceased), Joseph Miedzianowski, Joel Bemis, Robert Biebel, and the City of Chicago ("Defendants"), by and through their attorneys, in response in opposition to Plaintiffs' Motion for Rule to Show Cause against Marybel Arroyo state as follows:

1. In this case, for the reasons set forth below, Plaintiffs' Motion for a Rule to Show Cause against Marybel Arroyo is inappropriate.

2. First, for important background, Arroyo is not just a witness—she is a victim in the horrific shooting that occurred on June 27, 1997. On that night, the shooters [who Defendants contend were Plaintiffs] shot at all the individuals hanging out on the porches of 2208 and 2212 N. Mobile Avenue—including Arroyo. And it is Arroyo's cousin—Jorge Gonzalez—who was murdered that night. And it should be noted that while Plaintiffs claim that the identifications of

them in the June 27, 1997, shooting were fabricated, Arroyo was never able to identify anyone in the June 27, 1997, shooting. Further, Plaintiffs' have no basis to claim that "the witnesses to the shooting, including Ms. Arroyo, discussed the tactics Defendants used with those certain witnesses in the years since the shooting." (*See* Dkt. 186 at ¶ 2.) Specifically, no eyewitness deposed to-date in this case has testified that any Defendant told them or suggested to them in any manner who to pick in either the photo-arrays or line-ups. To-date, ***every*** eyewitness that has been deposed to-date still identifies Plaintiffs as the individuals that shot at them and shot and killed Jorge Gonzalez on June 27, 1997.

      3.      A rule to show cause requires "(1) that the court entered a lawful order of reasonable specificity; [and that] (2) the order was violated." *See e.g. Palmer v. City of Decatur*, 2019 WL 1883892, *2 (C.D. Ill., Apr. 3, 2019.); *see also Botello v. Lill*, 2023 WL 415545, *2 (N.D. Ill., Jan. 25, 2023) ("Under Federal Rule of Civil Procedure 45(g), 'the court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.'") (quoting Fed. R. Civ. P. 45(g); *Boehm v. Scheels all Sports, Inc.*, 2016 WL 6124503, * 2 (W.D. Wisc., Oct. 20, 2016.))

      4.      By Plaintiffs' own admission, the first subpoena served on Ms. Arroyo was accompanied by a cover letter informing her that the date was a "placeholder" date. (Dkt. 186 at ¶ 5.) Therefore, she was not required to show up for the date in the original subpoena and thus did not "fail to obey the subpoena."

      5.      Thereafter, as noted in Plaintiffs' motion, the parties took a significant amount of time briefing issues of priority. (Dkt. 83, 89, 98.)

2

6. And while Plaintiffs motion claims that they have "made numerous attempts to contact Ms. Arroyo to reschedule," (Dkt. 186 at ¶ 9), after resolution of the motions surrounding priority, Plaintiffs' motion notably lacks any details as to when those attempts were made.

7. Particularly, there was a large period of time where Defendants did not hear any update whatsoever from Plaintiffs regarding the status of Arroyo's deposition. Specifically, after Arroyo's July 2, 2024, deposition was cancelled (by Plaintiffs), Defendants did not hear about any update for Arroyo's deposition until *over two months later* when Defendants reached out to Plaintiff on September 13, 2024. It was at this time, Plaintiffs' counsel indicated they were working on additional dates for Arroyo. But again, Defendants did not hear back for another month, when Defendants reached out again on October 15 asking for an update for Arroyo's deposition. Again, Defendants were merely informed that Plaintiffs were in the process of rescheduling the deposition and would propose new dates "shortly." Despite these representations and multiple follow-ups, Defendants did not hear back once more until Defendants asked for an update on December 4, 2024, and inquired at this point whether Plaintiffs were abandoning the deposition so Defendants could "get her served and take lead on that deposition," if so. (*See* Ex. 1, Dec. 4, 2024, Email Corr.)

8. Notably, Plaintiffs appeared to have made no effort to serve a new subpoena on Arroyo between August 11, 2023, and December 6, 2024, approximately a year and four months later. (*See* Pltf. Ex. A, Dkt. 186-1, Pltf Ex. C & D, Dkt. 186-3, 186-4.) While Plaintiffs' motion indicates that they served a new subpoena on Arroyo on November 20, 2024, (Dkt. 186 at ¶ 10), Plaintiffs' own record indicates this is in fact not true. (*See* Pltf Ex. C & D, Dkt. 186-3, 186-4.) Though it appears the subpoena was prepared on November 20, 2024, (Pltf. Ex. C, Dkt. 186-3),

3

the proof of service indicates Arroyo was actually served on December 6, 2024, for her January 10, 2025, deposition. (Pltf. Ex. D, Dkt. 186-4.)[1]

9. With respect to Arroyo's January deposition, Arroyo contacted Plaintiffs' counsel to inform them that she could not do the January 10 date and offered alternative dates for her deposition (February 4th or "any Monday or Thursday.") (Ex. 3, January 9, 2025, Email Corr.) Thus, once more, Arroyo did not "fail to obey the subpoena."

10. The parties subsequently agreed to Arroyo's deposition for February 17, 2025. (Dkt. 186 at ¶ 12.) However, as noted in Plaintiffs' motion, Plaintiffs were unable to contact and confirm this date with Arroyo. (*See id*.) When Plaintiffs' counsel cancelled the February 17 deposition of Arroyo, undersigned counsel specifically asked Plaintiffs' counsel whether there was an issue with Arroyo's deposition given the number of times the parties had attempted to reschedule. (Ex. 4, Feb. 16, 2025, Email Corr.) This email went unanswered. Had Plaintiffs indicated at any time that they were having issues contacting Arroyo, Defendants would have assisted in contacting and facilitating Arroyo's deposition (just as Defendants offered and attempted to for Violante.)

11. After the February 17 deposition was cancelled (by Plaintiffs), Defendants once more did not hear any update on Arroyo's deposition for over a month. Specifically, defense counsel followed up on February 20, February 26, March 6, March 7, and March 24. It was not until March 24 that Plaintiffs proposed additional dates for Arroyo. At that time, the parties agreed to May 12.

---

[1] It is still curious how this deposition subpoena was served on December 6, given the parties did not agree on this date until four days later on December 10. (*See* Ex. 2, Dec. 10, 2024, Email Corr.)

12. Defendants were unaware of any issue with Arroyo communicating with Plaintiffs until, for the very first time, on March 9, Plaintiffs indicated they intended to file a Rule to Show Cause against Arroyo.

13. Defendants indicated that they did not believe a Rule to Show Cause was proper, given that Arroyo had not failed to show up for a subpoenaed deposition date. (The same basis Plaintiffs claimed a Rule to Show Cause was not yet ripe for Daniel Violante.)

14. That very same day, counsel for the Defendant Officers, Allison Romelfanger, contacted Arroyo. At that time, Arroyo informed Ms. Romelfanger that she was not aware of the May 12 date, but that she did have a voicemail from Plaintiffs' counsel which she had not yet listened to. Arroyo conveyed to Ms. Romelfanger that she was unable to sit on May 12 because of work obligations. However, Arroyo offered that she could complete her deposition on a Tuesday when she typically was off work. The parties have agreed on June 3rd for Arroyo's deposition. Defendants will assist in relaying the date to Arroyo.

15. Given that Arroyo remains willing to fulfil her obligations under the subpoena(s) served on her, a Rule to Show Cause against Arroyo is inappropriate, and Plaintiffs' motion should be denied. See Fed. R. Civ. P. 45(g).

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Rule to Show Cause against Marybel Arroyo, and award any other such relief this Court deems just and proper.

Date: May 13, 2025                       Respectfully submitted,

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER
Atty No. 6310033
*One of the Attorneys for Defendants Geri Yanow, as Special Representative of Ernest Halvorsen deceased and Robert DeGraff deceased, Robert Biebel and Joel Bemis*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Kyle T. Christie
Jeffrey C. Grossich
Kylie R. Dodd
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, #1240A
Chicago, IL 60604
(630) 735-3300
aromelfanger@jsotoslaw.com

/s/ Theresa Berousek Carney
Theresa Berousek Carney
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Theresa Carney
Catherine Barber
Austin Rahe
Andrew Grill
Lauren Ferrise
Sabrina Scardamaglia
Kelly A. Krauchun
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000
tcarney@rfclaw.com

/s/ Molly Boekeloo
Molly Boekeloo
*One of the Attorneys for Defendant Reynalda Guevara*

Graham P. Miller
Emily E. Schnidt
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Molly Boekeloo
Christiane E. Murray
Andrea F. Checkai
Drew Wycoff
Borkan & Scahill, Ltd

6

(312)580-1030
20 S. Clark Street, Suite 1700
Chicago, IL 60603
mboekeloo@borkanscahill.com

/s/ Lisa M. McElroy
Lisa M. McElroy
*One of the Attorneys for Defendant Joseph Miedzianowski*

Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770
mcelroyl@jbltd.com

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2025, I electronically filed the foregoing **Defendants' Response to Plaintiffs' Rule to Show Cause Against Marybel Arroyo** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Attorneys for Plaintiff*
Steven E. Art
Anand Swaminathan
Sean Starr
Annie D. Prossnitz
Jonathan I. Loevy
Arthur R. Loevy
Daniel J. Stohr
Isabella Aguilar
Margaret Gould
Quinn Rallins
Alyssa Martinez
Valarie Barajas
Lilly Dunkin
Marc Motter
Loevy & Loevy
311 North Aberdeen St, 3rd Fl
(312)243-5900
Chicago, IL 60607
steve@loevy.com
anand@loevy.com
sean@loevy.com
prossnitz@loevy.com
jon@loevy.com
arthur@loevy.com
dan@DanStohr.com
aguilar@loevy.com
gould@loevy.com
rallins@loevy.com
alyssa@loevy.com
valerie@loevy.com
dunkin@loevy.com
motter@loevy.com

*Attorney for Reynaldo Guevara*
Misha Itchhaporia
Graham P. Miller
Emily E. Schnidt
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Molly Boekeloo
Christiane E. Murray
Andrea F. Checkai
Drew Wycoff
Borkan & Scahill, Ltd
(312)580-1030
20 S. Clark Street, Suite 1700
mitchhaporia@borkanscahill.com
gmiller@borkanscahill.com
eschndit@borkanscahill.com
tscahill@borkanscahill.com
sborkan@borkanscahill.com
whutchinson@borkanscahill.com
mboekeloo@borkanscahill.com
cmurray@borkanscahill.com
acheckai@borkanscahill.com
dwycoff@borkanscahill.com

**Attorney for Joseph Miedzianowski**
Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com
miltonr@jbltd.com
gavrilenkak@jbltd.com

**Attorney for City of Chicago**
Eileen E. Rosen
Theresa Carney
Catherine Barber
Austin Rahe
Andrew Grill
Lauren Ferrise
Kelly A. Krauchun
Sabrina Scardamaglia
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312)494-1000
erosen@rfclaw.com
tcarney@rfclaw.com
cbarber@rfclaw.com
arahe@rfclaw.com
agrill@rfclaw.com
lferrise@rfclaw.com
kkrauchun@rfclaw.com
sscardamaglia@rfclaw.com

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER
*One of the Attorneys for Defendants Geri Yanow, as Special Representative of Ernest Halvorsen deceased and Robert DeGraff deceased, Robert Biebel and Joel Bemis*