IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | No. 1:23-cv-1737 |
| *Plaintiffs*, | ) ) | Hon. Jeremy C. Daniel, District Judge |
| v. | ) ) ) | Hon. Heather K. McShain, |
| REYNALDO GUEVARA, *et al.*, | ) ) ) | Magistrate Judge |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' STATUS REPORT REGARDING *TOUHY* REQUESTS

Plaintiffs Juan Hernandez and Rosendo Hernandez, by their attorneys, Loevy & Loevy, respectfully submit this status report in light of the Court's April 9, 2025 order regarding Plaintiffs' document requests submitted to the U.S. Attorney's Office for the Northern District of Illinois ("USAO"), and the Federal Bureau of Investigation ("FBI"), Dkt. 175, stating as follows:

## PROCEDURAL HISTORY

1. As the Court knows, Defendant Miedzianowski and other witnesses in this civil case were prosecuted federally for their role in an expansive drug enterprise, and Defendant Miedzianowski is currently serving a life sentence in federal prison as a result.

2. Defendants have responded to important requests for production by informing Plaintiffs that responsive documents are in the possession, custody, and control of the USAO and the FBI, given that the City coordinated its investigation of Defendant Miedzianowski with those federal entities and because the City at some point turned over its investigation to those federal entities. Such representations were also made to this Court during multiple hearings on Plaintiffs' Motion to Compel Documents. Dkt. 121.

3. This Court set December 19, 2024, as the deadline for issuing written discovery, including document subpoenas.

4. In order to adhere to that deadline and to obtain necessary documents from the USAO and FBI, Plaintiffs issued *Touhy* requests to those entities on December 19, 2024. *See* Ex. A (*Touhy* Requests).

5. Plaintiffs issued *Touhy* requests because federal agencies cannot be compelled to respond to traditional subpoenas—even when issued by a federal court in connection with a federal proceeding. Instead, federal agencies are governed by regulations promulgated under the Federal Housekeeping Statute, 5 U.S.C. § 301, which dictates that "[t]he head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." Pursuant to § 301, federal agencies have established procedures for managing internal records and employee conduct, including limitations on disclosures of documents and testimony.

6. The Department of Justice implemented such procedures in 28 C.F.R. §§ 16.21–16.29, commonly known as the "*Touhy* regulations," referencing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Under these regulations, DOJ employees—including the FBI and USAO—may not produce records or provide testimony in any federal or state proceeding unless the demand complies with the agency's *Touhy* procedures and receives prior written approval from an appropriate DOJ official. 28 C.F.R. § 16.22(a). These *Touhy* procedures include a "summary of the information sought and its relevance to the proceeding." *Id.* § 16.22(d).

7. The DOJ has additionally provided guidance to its employees on how to respond to any request for documents that does not include the proper *Touhy* materials, including that "no

present or former employee of the Department of Justice may testify or produce Departmental records in response to subpoenas or demands of courts or other authorities issued in any state or federal proceeding without obtaining prior approval by an appropriate Department official." DOJ Justice Manual § 1-6.100. Further, "[a]ll employees are directed to notify the appropriate USAO and their component's *Touhy* Officer immediately upon receipt of the subpoena or other demand." *Id.* § 1-6.210. Should the party requesting the documents fail to comply with the *Touhy* regulations, the DOJ instructs its officers to "declin[e] to authorize the disclosure, object[] to the demand, or mov[e] to quash any subpoena accompanying the demand." *Id.* § 1-6.220.

8. Federal courts, including the Seventh Circuit, have held that a subpoena directed at a federal agency or its employee is not self-executing. Instead, it is treated as an "administrative demand," and it must conform to the agency's internal regulations. *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (holding that the state is without jurisdiction to independently compel the testimony or production of documents when it is contrary to a valid agency regulation); *St. Vincent Med. Grp., Inc. v. United States Dep't of Just.*, 71 F.4th 1073, 1074 (7th Cir. 2023) (same); *Barnett v. Illinois State Bd. of Illinois*, No. 02 C 2401, 2002 WL 1560013, at *1 (N.D. Ill. July 2, 2002) (same); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007); *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994); *United States v. Allen*, 554 F.2d 398, 406-07 (10th Cir. 1977); *Davis v. Braswell Motor Freight Lines, Inc.*, 363 F.2d 600, 603 (5th Cir. 1966); *Marcoux v. Mid-States Livestock*, 66 F.R.D. 573, 575 n.1 (W.D. Mo. 1975); *Bosaw v. Nat'l Treasury Employees' Union*, 887 F. Supp. 1199, 1211–12 (S.D. Ind. 1995). If a party fails to comply with those procedures, the agency is entitled to disregard the subpoena, and its employees cannot be compelled to testify or produce documents. *Edwards*, 43 F.3d at 317.

9. Plaintiffs' *Touhy* requests issued on December 19, 2024, before the Court's discovery deadline, complied with this federal statutory and regulatory law and Seventh Circuit case law.

10. Plaintiffs' *Touhy* requests were sent to the FBI and USAO and initially sought: (a) any and all documents relating to Reynaldo Guevara, Joseph Miedzianowski, Ernest Halvorsen, and Joel Bemis, including but not limited to any and all documents relating to any investigation or prosecution of the four men; (b) any and all documents relating to cooperation or testimony by Reynaldo Guevara, Joseph Miedzianowski, Ernest Halvorsen, and Joel Bemis in the prosecution of any other person, including their operation as an informant, confidential or otherwise; and (c) all documents relating to Reynaldo Guevara, Joseph Miedzianowski, Ernest Halvorsen, and Joel Bemis that were exchanged between federal agents and any employees or agents of the Chicago Police Department, Cook County State's Attorney's Office, Cook County Sheriff's Department, or any other law enforcement entity in Illinois. *See* Ex. A.

11. On January 8, 2025, the Assistant United States Attorney charged with responding to Plaintiffs' *Touhy* requests reached out to Plaintiffs' counsel, requesting that Plaintiffs' counsel serve a subpoena alongside the *Touhy* request. Since the last hearing before this Court, the USAO has confirmed that it typically asks for a subpoena along with *Touhy* requests to provide a response.

12. Meanwhile, Plaintiffs' counsel worked with the USAO to narrow their requests substantially, ultimately agreeing that they would only seek: (1) documents relating to Reynaldo Guevara's participation in, or connection with, Joseph Miedzianowski's drug conspiracy, which was prosecuted by the USAO; (2) documents relating to information that Fred Rock provided to the USAO during the investigation, particularly information relating to Juan Hernandez, Guevara, or Jon Woodall; and (3) documents relating to the murder of Eloy Garza Jr., and specifically the

participation of Meidzianowski, Woodall, and Guevara in the commission of that crime or covering up the crime as the FBI investigated.

14. Plaintiffs' narrowed requests to the federal entities are consistent with the discovery requests lodged against the City, which this Court has considered in recent hearings and filings.

14. At the same time that Plaintiffs narrowed their requests in this case, Plaintiffs' counsel issued the same *Touhy* requests to the same federal agencies across all pending Guevara civil cases in which Plaintiffs' counsel represents a plaintiff. In other words, the same documents are now being sought from the federal government for use across the pending Guevara civil cases.

15. Notice was provided to all of the Defendants of these requests, and no Defendants lodged any objection or moved to quash.

16. Finally, Defendants have been working in this case to obtain compliance with their own *Touhy* requests for the deposition of AUSA Brian Netols, who prosecuted Defendant Miedzianowski.

17. As of May 9, 2025, the USAO and FBI were prepared to respond to Plaintiffs' *Touhy* requests with responsive documents, upon entry of a Privacy Act Order by this Court.

18. Plaintiffs' *Touhy* requests were timely issued in this case, they call for important documents, and Plaintiffs request that this Court permit that discovery to proceed over Defendants' objections, and enter a Privacy Act Order, after which Plaintiffs will obtain and produce the responsive documents.

19. No party will be prejudiced by the production of these important documents, which all sides agree are relevant to this case.

RESPECTFULLY SUBMITTED,

**JUAN HERNANDEZ & ROSENDO HERNANDEZ**

By: /s/ Steve Art
*Attorney for Plaintiffs*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Quinn Rallins
Alyssa Martinez
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

**CERTIFICATE OF SERVICE**

    I, Steve Art, an attorney, certify that on May 19, 2025, I caused the foregoing document to be filed using the Court's CM/ECF System which affected service upon all counsel of record.

                                               /s/ Steve Art
                                               *One of Plaintiffs' Attorneys*