IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | Case No. 23-cv-1737 |
| Plaintiffs, | ) ) | Hon. Jeremy C. Daniel District Judge |
| v. | ) ) ) | Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) ) | Magistrate Judge |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## MOTION TO RECONSIDER PRIORITY OF
## THIRD-PARTY WITNESS NELSON PACHECO'S DEPOSITION

Plaintiffs Juan and Rosendo Hernandez, by their attorneys, Loevy & Loevy, respectfully request that this Court reconsider its order awarding Defendants control over the deposition of Nelson Pacheco, authorize Plaintiff to coordinate Mr. Pacheco's deposition, and permit Plaintiffs questioning priority. In support, Plaintiffs state as follows:

1. At the start of discovery in this case, Plaintiffs made clear that they intended to take the deposition of Nelson Pacheco, a key witness in the case, who has testified that he interacted with the real perpetrator of the underlying murder of Jorge Gonzalez shortly after that real perpetrator committed the crime. Dkt. 83 at 3. According to Mr. Pacheco, the real perpetrator asked Mr. Pacheco to follow him in a car after the shooting occurred, parked the car used in the crime, climbed in Mr. Pacheco's van, and described the commission of the crime to Mr. Pacheco and his girlfriend. Exhibit A.

2. The parties raced to serve Mr. Pacheco early in the case, and then they litigated before this Court who should have priority to question Mr. Pacheco first at his deposition. Dkts.

83, 89. On January 5, 2024—roughly 28 months ago—this Court ruled that Defendants should have the opportunity to control Mr. Pacheco's deposition, but it encouraged them to complete the deposition "as soon as possible." Dkt. 98. This Court further reminded the parties of its discretion and ability to set the questioning order of deponents. *Id.*

3. Since that time, Defendants have not exercised due diligence in obtaining Mr. Pacheco's deposition testimony. On October 23, 2024, after several months of waiting for Defendants to schedule Mr. Pacheco's deposition, Plaintiff moved this Court for leave to depose him, as required for a person incarcerated at Cook County Jail. Dkt. 140. After the Court granted Plaintiff's motion (Dkt. 143), Defendants continued to do nothing. Ultimately, more than 11 months after the Court's initial order awarding them priority, Defendants finally noticed Mr. Pacheco's deposition. Exhibit B. The date of Mr. Pacheco's deposition was set as February 27, 2025.

4. On the day the deposition was set to occur at the jail, the parties appeared at the jail, where jail staff told them incorrectly that Mr. Pacheco was refusing to leave his cell and would not participate in his deposition. In reality, at the same time jail staff was telling the parties this, Mr. Pacheco was sitting in the room at that jail where his deposition was to occur.

5. Nonetheless, the deposition did not take place, and Defendants filed a Motion for rule to show cause and to require Mr. Pacheco to attend his deposition. Dkt. 169. Plaintiff did not oppose that motion, considering that they, too, want Mr. Pacheco's deposition to occur. But they made clear their position that while Mr. Pacheco should be required to complete a deposition, there was no basis to bar Pacheco's as a witness. *Id.*

2

6. On April 10, 2025, this Court entered an order that Mr. Pacheco should be brought by the Cook County Sheriff to participate in a deposition to take place at the federal courthouse. Dkt. 176.

7. Defendants waited until May 1, 2025, three weeks later, to provide the Cook County Sheriff a copy of this Court's order. Dkt. 196-1.

8. By that time, Mr. Pacheco had already been released from Cook County Jail on electronic monitoring. Mr. Pacheco left the jail on April 29, 2025. Exhibit C.

9. Apparently, at no point between this Court's order issuing a rule to show cause and May 22, 2025—the day before Mr. Pacheco's second deposition was set to occur—did Defendants make any effort to ensure that the Cook County Sheriff or Mr. Pacheco were aware of any order compelling him to participate in a deposition at the federal courthouse.

10. Indeed, it was Plaintiff's counsel who discovered that Mr. Pacheco was no longer in custody when they went to attempt to see him in advance of his second deposition, at the Cook County Jail, on the evening of May 21, 2025. Plaintiffs immediately let Defendants know that Mr. Pacheco was not in custody and asked whether he had been served with this Court's prior orders. In response, Defendants remained adamant that Mr. Pacheco was still in custody.

11. Plaintiffs again took the initiative to provide Defendants with additional proof. This time, Plaintiffs requested and received written confirmation from the Cook County Sheriff that Mr. Pacheco was not in custody and had been released three weeks prior. Exhibit C. Plaintiffs notified Defendants of these facts again. *Id*.

12. As Defendants admit in their status report filed yesterday, they cannot represent that Mr. Pacheco has ever received any of this Court's orders. Nor can they represent that the Cook County Sheriff received any order while Mr. Pacheco was still in custody. Dkt. 196 at ¶ 15.

13. As of today, May 23, 2025, the day set for Mr. Pacheco's deposition, there is no record evidence that Mr. Pacheco has ever been served with any notice that he is required to sit for a deposition or that he is required to show cause why he has not previously appeared for a deposition.

14. Unsurprisingly, in light of these facts, Mr. Pacheco was not present at the federal courthouse for a deposition this morning, May 23, 2025. (All counsel for the parties were present.)

15. In order to meet their burden of proof, Plaintiffs will undoubtedly call Mr. Pacheco in their case-in-chief. Defendants' failure to conduct basic due diligence in serving Mr. Pacheco is something Plaintiffs cannot control. The reality is they have all of the resources of the Chicago Police Department and its government relationships, and they have failed to depose a witness who has been in-custody for months. Through diligence, Mr. Pacheco's deposition should have happened more than a year ago.

16. Defendants have not secured Mr. Pacheco's deposition in a timely fashion. Indeed, despite that Mr. Pacheco has been incarcerated for a large amount of time during discovery in this case, they have sat on their hands. After the deposition was attempted at the jail on February 27, 2025, Defendants informed Plaintiffs that they were contemplating a motion to exclude Mr. Pacheco as a witness in the case. Plaintiffs objected strenuously to that position, arguing there was no basis for such an order. When Defendants filed their motion for a rule to show cause, Defendants reserved "all rights to move to bar Pacheco at trial in this matter should he continue to refuse to sit for his deposition." Dkt. 169 at ¶ 15. Defendants' delay should not be rewarded by the exclusion of testimony favorable to Plaintiff.

17. Moreover, third-party witnesses are entitled to more process than this before they are subject to this Court's power to compel their attendance at depositions. Federal Rule of Civil Procedure 45(g) states that this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." However, "[d]ue process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings." *United States Securities and Exchange Commission v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). Mr. Pacheco has not been given adequate notice and fair opportunity to be heard, and therefore should not be held in contempt.

18. Apart from Defendants' delay, Plaintiffs reiterate that they should have priority for questioning this witness who transported the real perpetrator away from the scene of the crime because (1) Plaintiffs have a burden of proof on their claims; (2) it will aid the jury's comprehension of the evidence at trial; and (3) Mr. Pacheco may be unavailable at trial.[1]

---

[1] As discussed in prior filings, Plaintiffs' claims and damages will depend on evidence about the real perpetrator, who hitched a ride from Mr. Pacheco. Plaintiffs bear the burden of proof, and they will need to call Mr. Pacheco in their case-in-chief at trial, cross-examining him where necessary, about the perpetrator's flight from the scene of the crime. Federal Rule of Civil Procedure 30(c) dictates that "[t]he examination and cross examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). In *Rivera*, Judge Rowland specifically focused on the plaintiff's burden to prove his case and on the importance of the third-party witness at issue over all other collateral issues. Group Exhibit D-3, *Rivera v. Guevara*, No. 12-cv-4428 (N.D. Ill.), March 12, 2013 Hrg., at 14:10-12 (the Court was "really concerned that [Plaintiff] has the burden [] and [this witness was] going to be probably the most important witness in the case."). On this basis alone, Plaintiffs should be permitted to question Mr. Pacheco first at his deposition.

Moreover, Plaintiffs should be allowed to question Mr. Pacheco first because it will aid the jury's comprehension of the evidence at trial. This is not a typical case, and Mr. Pacheco is not a typical witness. So far, it has been difficult to complete Mr. Pacheco's deposition, and so Mr. Pacheco cannot be expected to be available at trial. Instead, his past testimony may be read at trial in lieu of live testimony. If Defendants question the witness first, and Plaintiffs second, then the testimony will be backwards and will need to be heavily edited for trial in order for the jury to understand what happened amongst this cast of characters. In such circumstances, judges in this District repeatedly have allowed plaintiffs to question witnesses first. *E.g.*, Group Exhibit D, *Walker v. Burge*, No. 21-cv-4231 (N.D. Ill.), Dkt. 222 (joint statement of dispute) & Dkt. 223 (Order of July 7, 2023); Group Exhibit D-3, *Rivera v. Guevara*, No. 12-cv-4428 (N.D. Ill.), March 12, 2013 Hrg. & Dkt. 54 (Order of March 12, 2013).

19. Applying these considerations here and Defendants' failure to serve Mr. Pacheco, equity favors Plaintiffs serving and being able to question Mr. Pacheco first. Someone has to go first, and someone has to ensure he is served. Given Defendants' delay and lack of due diligence securing the deposition of Mr. Pacheco, their seeming desire to exclude him as a witness, and the short time remaining in discovery, Plaintiffs ask that this Court reconsider its order awarding Defendants control the deposition of Nelson Pacheco, authorize Plaintiff to coordinate Mr. Pacheco's deposition, and permit Plaintiffs to question Mr. Pacheco first at his deposition.

WHEREFORE, Plaintiffs request that the Court reconsider the ruling on questioning priority for Nelson Pacheco and to permit Plaintiffs' counsel to question Pacheco first at a deposition scheduled and organized by Plaintiffs' counsel.

Dated: May 23, 2025

Respectfully submitted,

**JUAN HERNANDEZ** and
**ROSENDO HERNANDEZ**

By: /s/ Steve Art
*Counsel for Plaintiffs*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Quinn Rallins
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

## CERTIFICATE OF SERVICE

      I, Steve Art, an attorney, certify that on May 23, 2025, I caused the foregoing document to be filed using the Court's CM/ECF which affected service upon all counsel of record.

                                                /s/ Steve Art
                                            *One of Plaintiffs' Attorneys*