IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | Case No. 23 CV 01737 |
| Plaintiff, | ) ) ) | Hon. Jeremy C. Daniel Magistrate Heather K. McShain |
| v. | ) ) | |
| REYNALDO GUEVARA, GERILYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN and ROBERT DEGRAFF, JOSEPH MIEDZIANOWSKI, JOEL BEMIS, ROBERT BIEBEL, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSED MOTION FOR AN EXTENSION OF EXPERT DEADLINES**

Defendants, by their undersigned attorneys, jointly move to extend the deadline for Defendants to disclose their rebuttal experts to Steblay, Dysart and Tiderington up to and including December 19, 2025, for an extension to disclose their rebuttal expert to Shane up to and including January 30, 2026, and to extend the close of Expert Discovery up to and including February 20, 2026.

1.  Plaintiffs Juan and Rosendo Hernandez bring a 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers—filed on March 21, 2023, (Compl., Dkt. 1), and last amended on September 28, 2023, (1st Am. Compl., Dkt. 58)—for claims arising out of their arrest, prosecution, and conviction for the June 27, 1997, murder of Jorge Gonzales and attempted murder of Juan Carlos Cruz.

2.  On July 24, 2025, this Court entered the following Expert Discovery Plan, which was jointly proposed by the parties (Dkts. 227, 229):

1

    a. Plaintiffs' Expert Disclosures: September 19, 2025;

    b. Defendants' Expert Disclosures: November 19, 2025;

    c. Close of Expert Discovery: January 19, 2026.

  3. Prior to the parties' negotiations regarding the expert discovery schedule, Plaintiffs represented in open court that they would not be disclosing "new experts that [they] haven't necessarily disclosed in these other [Guevara] cases," and that "the reports and the expert opinions will be similar in kind to others that have been done." (Ex. 1, July 9, 2025, Hr'g Trans. at 11:17-12:4.)

  4. Defendants relied on this representation when agreeing to the expert discovery deadlines set forth in the parties' joint status report. (Dkt. 227.)

  5. On September 15, 2025, the Plaintiffs moved (unopposed) for, and this Court granted, an extension of time for expert disclosures; making Plaintiffs' disclosures due on or before October 3, 2025, and Defendants' disclosure due on or before December 3, 2025. (Dkt. 243, 244.)

  4. In accordance with that schedule, Plaintiffs disclosed four experts on October 3, 2025. (*See* Ex. 2, Pltf. Exp. Discl.) Three of those experts, Nancy Steblay, Jennifer Dysart, and Thomas Tiderington, in accordance with Plaintiffs' representations, have been disclosed by Loevy & Loevy in other Guevara cases and given similar opinions.

  5. However, one of those witnesses, Jon Shane, has never been disclosed by Loevy & Loevy in a Guevara case. In addition, his opinions (which related to Plaintiffs' claims under *Monell*) rely on a data analysis of 1663 complaint register files. Such data set and analysis has never been utilized or disclosed before by any other expert in connection with a Guevara case. Shane's data set expands over a timeframe of over thirty years:1981-2017. According to invoices

recently produced by Plaintiffs, Shane has been working on this data set for at least five months. Specifically, by February 7, 2025, Shane had already billed Loevy & Loevy for (supposedly) working on this data set for over twenty-six hours. (*See* Ex. 3, Shane Invs. at p. 1.)[1] He also worked on this data set for another nearly thirty-three hours prior to July 7, 2025. (*See id*. at p. 2.) All of this to say, Shane had been able to compile, review and complete his data analysis of these 1663 files at least eight months prior to Plaintiffs' October 3, 2025, expert disclosure deadline. (*See id.*) While Defendants are not requesting anywhere near that same time frame for their expert to review Shane's data set and Shane's analysis of this data set, Defendants' rebuttal expert will need additional time to review these extensive files and Shane's analysis of the same. As a result of the burdensome nature of this review, Defendants respectfully request until January 30, 2026, for the disclosure of their rebuttal expert to Mr. Shane.

5. In addition, on October 24, 2025, Defendants issued subpoenas to all four of Plaintiffs' disclosed experts. Defendants just received responses to those subpoenas in the late afternoon hours on November 11, 2025. Defendants are in the process of reviewing the subpoena responses to determine if they are sufficient and/or if they require follow-up and/or require 37.2 discussions.[2]

6. On November 10, 2025, counsel for the Defendant Officers also requested Plaintiffs to send dates for the depositions of their experts, along with their responses to the expert subpoenas.[3]

---

[1] Defendants do not know when the work began and what the work specifically was because the invoices have been fully redacted, other than for the hours, rate and amounts. (*See* Ex. 3, Shane Invs.)

[2] By way of example, the response already seems to be deficient because Defendants have not received any billing for Shane related to his report in this case. The two invoices referenced above relate to a different Guevara case.

[3] Defendants waited to request deposition dates because the responses to the subpoenas were needed prior to the deposition of any of the experts taking place.

7. As of the filing of this motion, Plaintiffs have given Defendants three dates for Mr. Shane, all of which fall during the week of Thanksgiving: November 24, 25 and 28. Defendants informed Plaintiffs today that they are available November 25.

8. As of the filing of this motion, Defendants have not yet received dates for the depositions of Steblay, Tiderington or Dysart. Defendants have requested Mr. Tiderington's deposition to proceed in person.

9. In order to resolve the subpoena issues and depose the remaining three experts, Defendants request up to and including December 19, 2025, for the disclosure of their rebuttal experts for Dysart, Steblay and Tiderington. This request is subject to Plaintiffs providing dates for each of these three experts prior to Defendants' disclosure date of December 19.

10. In addition to the number of experts, the complexity of the case, and the complexity of the data, the parties are completing expert discovery in a number of other Guevara cases including: *Gonzalez*, 22-cv-6496; *Rivera*, 23-cv-1743; and *Rodriguez*, 22-cv-6141.

11. Further, several attorneys for the Defendant Officers, Plaintiffs, the City of Chicago, and Guevara will be on trial in January in the matter of *Johnson*, 20-cv-4156.

12. In addition, one of the attorneys for the Defendant Officers will be on paternity leave for much of December into January; and several attorneys for Defendants are taking personal time in November and December for Thanksgiving and Christmas.

13. Additionally, multiple attorneys for Defendant Guevara are on trial in the matter of *Roman*, 20-cv-1717, beginning on December 8, 2025, that is anticipated to last at least two weeks, and in the matter of *Harrell*, 25 L 12722, beginning on January 20, 2026, that is anticipated to last at least two weeks.

14. This court set the jury trial for September 8, 2026. Defendants do not believe the requested extension will impact this trial date.

15. On November 10, 2025, counsel for the Defendant Officers asked for Plaintiffs' position regarding an extension of the expert discovery deadlines. On November 11, 2025, counsel for Plaintiffs, Alyssa Martinez, stated that Plaintiffs "currently oppose the request for an extension and will send a written position statement for the motion prior to it being filed."[4] In response, Defendants noted that they did not intend to file this motion until Defendants received subpoena responses from Plaintiffs' experts and received dates for the depositions each of Plaintiffs' experts.[5] On November 11, counsel for the Defendant Officers asked when Plaintiffs expected to get Defendants dates for each of Plaintiffs' experts' depositions. While Plaintiffs provided dates for Mr. Shane, Plaintiffs did not respond to that email and as noted above, have not provided dates for the remaining three experts. Given the fast-approaching expert discovery deadline and upcoming Thanksgiving holiday, Defendants are filing this motion without proposed dates for the remaining three experts.

16. This motion is not brought for purposes of delay, but to ensure that the Defendants' experts are able to fully review and analyze the reports, analysis, and testimony of Plaintiffs' experts, which is necessary for their own expert reports to support their claims and defenses.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court extend the deadline for Defendants to disclose their rebuttal experts to Steblay, Dysart and Tiderington up to and including December 19, 2025, for an extension to disclose their rebuttal

---

[4] Plaintiffs did not provide this position statement to Defendants.
[5] Defendants wanted this information prior to the filing of this motion so that Defendants could give a reasonable estimate to the Court regarding how much of an extension was needed.

expert to Shane up to and including January 30, 2026, and to extend the close of Expert Discovery up to and including February 20, 2026.

Dated: November 16, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Allison L. Romelfanger
　　　　　　　　　　　　　　　　　　　　ALLISON L. ROMELFANGER, Atty No. 6310033
　　　　　　　　　　　　　　　　　　　　Special Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Individual Defendants

　　　　　　　　　　　　　　　　　　　　James G. Sotos
　　　　　　　　　　　　　　　　　　　　Josh M. Engquist
　　　　　　　　　　　　　　　　　　　　Jeffrey R. Kivetz
　　　　　　　　　　　　　　　　　　　　Allison L. Romelfanger
　　　　　　　　　　　　　　　　　　　　Jeffrey Grossich
　　　　　　　　　　　　　　　　　　　　Kyle T. Christie
　　　　　　　　　　　　　　　　　　　　Kylie Dodd
　　　　　　　　　　　　　　　　　　　　Special Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　　　The Sotos Law Firm, P.C.
　　　　　　　　　　　　　　　　　　　　141 W. Jackson Blvd., Suite 1240A
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60604
　　　　　　　　　　　　　　　　　　　　Tel: (630) 735-3300
　　　　　　　　　　　　　　　　　　　　aromelfanger@jsotoslaw.com

/s/ Eileen E. Rosen
EILEEN E. ROSEN
Special Assistant Corporation Counsel
One of the Attorneys for City of Chicago

Eileen E. Rosen
Andrew J. Grill
Austin G. Rahe
Catherine M. Barber
Lauren M. Ferrise
Theresa B. Carney
Rock, Fusco & Connelly
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
tcarney@rfclaw.com


/s/ Molly Boekeloo
MOLLY BOEKELOO, Atty No. 6330186

6

Special Assistant Corporation Counsel
One of the Attorneys for Reynaldo Guevara

Steven B. Borkan
Timothy P. Scahill
Emily E. Schnidt
Misha Itchhaporia
Graham P. Miller
Molly Boekeloo
Christine E. Murray
Andrea Checkai
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
mboekeloo@borkanscahill.com

/s/Lisa M. McElroy
Lisa M. McElroy
One of the Attorneys for Miedzianowski

Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd.
33 W. Monroe St., Ste. 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com