**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | Case No. 23 CV 01737 |
| Plaintiff, | ) ) | Hon. Jeremy C. Daniel |
| v. | ) ) | Magistrate Heather K. McShain |
| | ) | |
| REYNALDO GUEVARA, GERILYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN and ROBERT DEGRAFF, JOSEPH MIEDZIANOWSKI, JOEL BEMIS, ROBERT BIEBEL, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## <u>DEFENDANTS' MOTION FOR AN EXTENSION OF EXPERT DEADLINES</u>

Defendants, by their undersigned attorneys, jointly move to extend the deadline for Defendants to disclose their experts by up to and including February 6, 2026, and to extend the close of expert discovery up to and including March 6, 2026.

1.     Plaintiffs Juan and Rosendo Hernandez bring a 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers—filed on March 21, 2023, (Compl., Dkt. 1), and last amended on September 28, 2023, (1st Am. Compl., Dkt. 58)—for claims arising out of their arrest, prosecution, and conviction for the June 27, 1997, murder of Jorge Gonzalez and attempted murder of Juan Carlos Cruz.

2.     On July 24, 2025, this Court entered the following Expert Discovery Plan, which was jointly proposed by the parties (Dkts. 227, 229):

    a. Plaintiffs' Expert Disclosures: September 19, 2025;

    b. Defendants' Expert Disclosures: November 19, 2025;

c. Close of Expert Discovery: January 19, 2025.

3.       On September 15, 2025, Plaintiffs moved (unopposed) for, and this Court granted, an extension of time for expert disclosures; making Plaintiffs' disclosures due on or before October 3, 2025, and Defendants' disclosure due on or before December 3, 2025. (Dkt. 243, 244.)

4.       In accordance with that schedule, Plaintiffs disclosed four experts on October 3, 2025. As noted in Defendants' previous motion, three of those experts, Nancy Steblay, Jennifer Dysart, and Thomas Tiderington, have been previously disclosed by Loevy & Loevy in other Guevara cases and given similar opinions.[1] (Dkt. 246.)

5.       The fourth, Jon Shane, was newly disclosed by Loevy & Loevy in relation to Plaintiffs' *Monell* claims. As noted in Defendants' previous motion, Shane's opinions rely on a data analysis of 1663 complaint register files. Such data set and analysis expands over a timeframe of over thirty years and has never been utilized or disclosed before by any other expert in connection with a Guevara case.

6.       As a result of the new disclosure of Shane, the fact that Defendants were still reviewing Plaintiffs' experts' subpoena responses, and were still waiting on deposition dates for Steblay, Dysart and Tiderington, Defendants filed an opposed motion to move the expert discovery deadlines. (Dkt. 246.) This Court granted Defendants' motion on November 20, 2025, setting the new expert disclosure schedule as follows: Defendants' disclosures to Steblay, Dysart, and Tiderington up to and including December 19, 2025, and to Shane up to and including January 16, 2026, and extending the close of expert discovery up to and including February 20, 2026. (Dkt. 246, 249.)

---

[1] While their underlying opinions are similar, the opinions differ based on the facts of each case.

7.      Thereafter, on November 21, 2025, the parties held a 37.2 conference regarding Plaintiffs' responses to the expert subpoenas. At that time, Defendants requested Plaintiffs to provide them with Plaintiffs' position on the issues Defendants raised in their November 19, 2025, correspondence. One of those issues was whether Plaintiffs were withholding communications between their expert Shane and the unidentified members of the data team employed by Loevy & Loevy that assisted in reviewing and coding the 1663 complaint register files. If such communications were being withheld, Defendants requested a privilege log for the withheld communications. Also during the call, Plaintiffs represented they would provide dates for the depositions of Tiderington, Steblay, and Dysart by November 28.

8.      Because Plaintiffs did not make clear in either Shane's subpoena responses or in the parties' 37.2 conference whether these communications existed and were being withheld, Defendants postponed Shane's deposition set for November 25, 2025.

9.      On November 25, 2025, at 6:10PM, Plaintiffs provided Defendants with their position (in writing) on the issues discussed in the parties November 21, 37.2 conference. Based on Plaintiffs' response it remained unclear to Defendants whether Plaintiffs were withholding communications between their expert Shane and the unidentified data team that assisted in reviewing and coding the 1663 complaint register files. As a result, that same day, Defendants requested Plaintiffs confirm whether communications existed at all with the unidentified data team, and if so, if Plaintiffs would provide a privilege log if Plaintiffs were withholding those communications.

10.     Also on November 25, Plaintiffs confirmed they would be providing Defendants with deposition dates by the end of the week (November 28.)

3

11.     On November 29, defense counsel followed up with Plaintiffs regarding deposition dates, as none were received on November 28.

12.     On December 1, defense counsel again followed up with Plaintiffs noting that it had been 3 weeks since Defendants first asked for dates for Plaintiffs' experts' depositions and asked that dates be provided by close of business December 3, or Defendants would be filing a motion to compel.

13.     On December 3, Plaintiffs' counsel responded to Defendants' regarding the existence of communications with Shane and the data team. In addition, Plaintiffs informed Defendants, "[w]ith respect to deposition scheduling, we have been attempting to secure availability from our experts. However, due to existing professional commitments—including overlapping deadlines and disclosures in other Guevara matters—and the upcoming holidays, the experts will not be able to meet the current schedule in this case. Accordingly, we propose seeking an additional extension from the Court."  Plaintiffs also proposed that Steblay and Shane be deposed only once for their reports at issue in this case, *Rivera v. Guevara*, *Martinez/Kelly v. Guevara*, and *Gecht/Kwil v. Guevara*, given that their reports are (or will be) the same in all five cases.

14.     On December 4, Plaintiffs' counsel provided dates for Steblay and Dysart's depositions and noted that if Defendants wanted to depose Tiderington in person, Defendants needed to advise Plaintiffs if they wished to proceed in Michigan or Florida (where Tiderington would be residing at certain points in the year).

15.     On December 5, Plaintiffs' counsel provided dates for Shane's deposition. Also on December 5, Defendants clarified they would depose Tiderington in person in Florida and asked again for dates for Tiderington's deposition.

16.     On December 9, Defendants confirmed the following deposition dates:

      a.     January 8, 2026, for Dysart;

      b.     January 12, 2026, for Steblay.

17.     In addition, in their December 9 email, Defendants confirmed they would agree to one deposition for Steblay across all five Guevara cases. Defendants also noted that they would agree to two back-to-back dates, for a total of fourteen hours, for the deposition of Shane (given he was a newly disclosed expert), across all five Guevara cases.[2] Defendants requested Plaintiffs confirm if this proposal was agreeable, to provide new back-to-back dates for Shane's deposition,[3] and to provide Defendants with dates for Tiderington's deposition no later than December 11 at noon so that Defendants could file the needed motion for an extension.

18.     As of the filing of this motion, Defendants have not heard back from Plaintiffs regarding dates for Tiderington's deposition, or whether there is an agreement with respect to Shane's deposition.

19.     Defense counsel's rebuttal experts require the deposition transcripts of Plaintiffs' experts to respond to any new issues and/or additional detail and/or explanations regarding their opinions that may arise in those depositions. Specifically, as noted above, while Dysart, Steblay and Tiderington have given similar opinions in other Guevara cases, their opinions are still largely fact dependent. In addition, as noted above, Dr. Shane is a newly disclosed expert by Plaintiffs' counsel utilizing a completely new data set. As a result, to ensure Defendants' rebuttal expert's opinions are complete and encompass all bases for Plaintiffs' experts' opinions, the

---

[2] Under the Rules, Defendants would be entitled to seven hours in each of the five cases for a total of 35 hours.

[3] Conducting a consolidated deposition for an expert deposition over consecutive days in return for limiting the length of the deposition has been done in other Guevara-related cases involving Plaintiffs' counsel's firm and the undersigned attorneys. *See e.g. Sierra v. Guevara, et al.*, 18 CV 3029 (Dkt. 424).

testimony of these experts is needed to finalize Defendants' experts' reports. Otherwise, defense counsel will have to seek leave to supplement their rebuttal experts' opinions, requiring more work for the parties and this Court. Therefore, defense counsel seeks a reasonable amount of time after the completion of the depositions of Plaintiffs' experts to disclose their experts. Further, allowing Plaintiffs' experts to proceed after the disclosure of Defendants' rebuttal experts would provide Plaintiffs' experts with an unfair advantage in being able to tailor their testimony to address Defendants' experts' criticisms.

20.     As Defendants will be unable to depose Plaintiffs' experts until January, and still do not have a date for the depositions of Tiderington or Shane, Defendants respectfully request an extension to disclose their rebuttal experts up to and including February 6, 2026, with all expert discovery to close on March 6, 2026. This current extension would only extend the current expert discovery deadline two additional weeks.

21.     In addition to the number of experts, the complexity of the case, and the complexity of the data, Defendants are completing expert discovery in a number of other Guevara cases including: *Gonzalez*, 22-cv-6496; *Rivera*, 23-cv-1743; *Rodriguez*, 22-cv-6141; *Martinez/Kelly*, 23-cv-1741; and *Gecht/Kwil*, 23-cv-1742.

22.     In addition, one of the attorneys for the defendant officers will be on paternity leave for much of December into January; and a number of attorneys are taking personal time in December for Christmas.

23.     As represented to the court, the defendant officers (Miedzianowski, Guevara, Bemis, Halvorsen, DeGraff and Biebel), will not be relying on any expert opinions for summary judgment, and thus do not believe the expert deadlines should affect summary judgment

schedules for the underlying claims against the officers. However, expert discovery is needed for the summary judgment motions related to Plaintiffs' *Monell* claims.

24.     This court set the jury trial for September 8, 2026. Defendants do not believe the requested extension will impact this trial date.

25.     This motion is not brought for purposes of delay, but to ensure that the Defendants' rebuttal experts are able to fully review and analyze the reports, analysis, and testimony of Plaintiffs' experts, which is necessary for their own expert reports to support their claims and defenses.

26.     Plaintiffs originally suggested filing the aforementioned extension as noted above. On December 9, Defendants asked if the aforementioned motion could be filed as agreed or unopposed. However, as of the date of this filing, Defendants have not heard back from Plaintiffs' regarding whether the motion could be filed as agreed or unopposed.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court extend the deadline for the filing of Defendants' expert disclosures up to and including February 6, 2026, and to extend the close of expert discovery up to and including March 6, 2026.

Dated: December 14, 2025                          Respectfully submitted,


/s/ Allison L. Romelfanger                          /s/ Christiane Murray
ALLISON L. ROMELFANGER, Atty No.          Christiane Murray,
6310033                                                      Special Assistant Corporation Counsel
Special Assistant Corporation Counsel          *One of the Attorneys for Reynaldo Guevara*
*One of the Attorneys for Individual Defendants*

                                                                Steven B. Borkan
James G. Sotos                                          Timothy P. Scahill
Josh M. Engquist                                        Emily E. Schnidt
Jeffrey R. Kivetz                                        Misha Itchhaporia
Allison L. Romelfanger                              Graham P. Miller
Jeffrey Grossich                                        Molly Boekeloo
Kyle T. Christie                                          Christine E. Murray
Special Assistant Corporation Counsel          Krystal Gonzalez

THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
aromelfanger@jsotoslaw.com

/s/ Eileen Rosen
EILEEN ROSEN
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Andrew J. Grill
Austin G. Rahe
Catherine M. Barber
Lauren M. Ferrise
Theresa B. Carney
Kelly A. Krauchun
Rock, Fusco & Connelly
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
erosen@rfclaw.com

Andrea Checkai
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
cmurray@borkanscahill.com

/s/Lisa McElroy
Lisa McElroy
*One of the Attorneys for Miedzianowski*

Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd.
33 W. Monroe St., Ste. 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com

8