**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | Case No. 23 CV 01737 |
| *Plaintiff,* | ) ) ) | Hon. Jeremy C. Daniel |
| vs. | ) ) ) | Magistrate Heather K. McShain |
| REYNALDO GUEVARA, GERI LYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN and ROBERT DEGRAFF, JOSEPH MIEDZIANOWSKI, JOEL BEMIS, ROBERT BIEBEL, and the CITY OF CHICAGO | ) ) ) ) ) ) ) ) | JURY DEMAND |
| *Defendants.* | ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE OVERSIZED
MEMORANDAS OF LAW AND OVERSIZE *DAUBERT* MOTIONS
AND MORE THAN 80 PARAGRAPHS FOR 56.1 STATEMENTS**

Defendants, Reynaldo Guevara, Geri Lynn Yanow, as Special Representative of Ernest Halvorsen, Robert DeGraff, Joseph Miedzianowski, Joel Bemis, Robert Biebel, and the City of Chicago, by and through their respective undersigned counsel, hereby move this Honorable Court, pursuant to L.R. 7.1 and L.R. 56.1, for leave to file oversized Memoranda of Law in Support of Summary Judgment, more than 80 paragraphs for Statements of Material Facts, and oversized *Daubert* Motions, respectively, and in support thereof, state as follows:

1. Defendants Motions for Summary Judgement and *Daubert* Motions, if any, are due to be filed on April 6, 2026. (Dkts. 263, 273).

2.      The Parties have engaged in exhaustive fact discovery, including a multi-theory *Monell* claim – tens of thousands of pages of records have been produced, numerous sets of written discovery have been exchanged and approximately forty witnesses have been deposed.

3.      Furthermore, Plaintiffs have retained three expert witnesses to support their ranging *Monell* claim and multiple theories of liability against the City. Plaintiffs' *Monell* theories include that as a matter of widespread municipal policies and practices, (1) CPD had a policy and practice of suppressing exculpatory and or impeaching materials, Plaintiffs' "street files" theory; (2) CPD operated a dysfunctional disciplinary system, Plaintiffs' failure to discipline theory; and (3) CPD routinely fabricated and manipulated identification procedures, Plaintiffs' eyewitness manipulation theory.

4.      Plaintiffs retained Thomas Tiderington to provide opinion testimony related to the City's record keeping practices and report writing, as well as the police investigation in this case. Tiderington's report is 68 pages and includes over 837 pages of attachments, including two spreadsheets that contain nearly 20,000 separate cells of data from approximately 2000 homicide files.

5.      Plaintiffs also retained Nancy Steblay to provide opinion testimony relating to the City's eyewitness identification procedures related to Plaintiffs' *Monell* claim. For Steblay's analysis and opinions in this case, she adopted her expert reports disclosed in *Sierra vs. Guevara, et al.*, (dated September 16, 2022), *Iglesias vs. Guevara, et al.* (dated October 18, 2022), and *Johnson v. Guevara, et al.* (dated March 1, 2023), including all of their data and attachments. Steblay's disclosure in this case is 1,198 pages long, attaching 8 different disclosures from 8 different cases.

6. Finally, Plaintiffs retained Jon Shane to provide opinion testimony on Plaintiff's *Monell* theory that CPD failed to supervise and discipline problem officers. Shane's report is 121 pages, excluding the datasets and spreadsheets used.

7. In support of Defendant City's motion, the City has prepared a Memorandum of Law that set forth the facts surrounding their request for summary judgment that complies with this Court's standing orders and therefore does not request excess pages for its Memorandum of Law.

8. The City similarly has tried to be efficient in setting forth their respective simple statements of fact but were unable to limit their statement of facts to the 80 statements allowed. Accordingly, Defendant City requests leave to file their Rule 56.1 Statements of Fact, up to 190 statements of facts, in order to sufficiently address the exhaustive facts surrounding of the City's policies and Plaintiffs' three disclosed experts, which in total contain over 2,224 pages of opinions and data.

9. Likewise, the City has tried to be efficient in preparing their *Daubert* Motions to bar Plaintiffs' *Monell* experts, but given their exhaustive efforts and the experts' lengthy reports and attachments, the City respectfully requests leave for excess pages for their *Daubert* Motions as follows: up to 23 pages for their *Daubert* Motion regarding Thomas Tiderington; up to 24 pages for their *Daubert* Motion regarding Nancy Steblay, and up to 19 pages for their *Daubert* Motion regarding Jon Shane.

10. Defendant Officers Halvorsen (through his special representative), DeGraff, Bemis, and Biebel intend to move for summary judgment on all claims directed to them. This includes about seven due process fabrication and suppression claims, and claims for malicious prosecution, failure to intervene, conspiracy, and intentional infliction of emotional distress.

11.     Defendant Officers expect their memorandum of law to be under 35 pages with less than 30 pages devoted to the argument, less than four pages for a summary of the facts, and a one-page introduction. Because of Plaintiffs' many claims against four individual Defendant Officers—all of whom are accused of separate and overlapping conduct—Defendant Officers respectfully request leave to file five additional pages for their memorandum of law beyond the 30 pages allotted by this Court per its standing order.

12.     Defendant Officers expect to submit 163 statements of fact, or 83 additional facts than the 80 facts allotted by LR 56.1. The 163 facts cover several topics material to the summary judgment motion, including (1) the criminal investigation, such as witness interviews and identification procedures; (2) pre-trial criminal proceedings; (3) Plaintiffs' separate criminal trials; (4) investigations and criminal proceedings related to witness tampering involving witness Violante who is an important figure underpinning many of Plaintiffs' claims; (5) Plaintiffs post-conviction proceedings; and (6) Plaintiffs' answers to discovery. Because of the expansive record and the nature of the claims asserted, requiring facts that span across several decades, Defendant Officers respectfully request leave to file 83 additional facts for a total of 163 facts in support of their summary judgment motion.

13.     Defendant Miedzianowski intends to move for summary judgment on claims specific to him and intends to adopt facts and arguments made by the other defendants, in an effort to avoid duplicating arguments presented to the Court.  Miedzianowski expects his individual statements of fact to be within the 80 statements allowed by LR 56.1.  Miedzianowski also expects his individual memorandum to be within the 30 pages allowed by the Court's standing order. However, Miedzianowski expects to exceed that page limit when his incorporation of his co-defendants' arguments are included, a requirement that is also referenced in this Court's standing

order. As result, Defendant Miedzianowski requests up to 40 pages, including incorporation of the arguments of his co-defendants, for his memorandum in support of his motion for summary judgment.

14. Defendant Guevara intends to join the statement of facts filed by Defendant Officers. As with Defendant Miedzianowski, Defendant Guevara intends to largely adopt the arguments made by Defendant Officers along with a brief supplement on issues specific to Defendant Guevara. Defendant Guevara also expects his individual memorandum to be within the 30 pages allowed by the Court's standing order. However, Guevara expects to exceed that page limit when his incorporation of his co-defendants' arguments are included, a requirement that is also referenced in this Court's standing order. Adding in the materials to be incorporated, Defendant Guevara requests up to 40 pages, including incorporation of the arguments of his co-defendants, for his memorandum in support of his motion for summary judgment.

15. On March 31, 2026, the undersigned counsel contacted Plaintiffs' counsel, who stated they do not object to this request, provided that is made clear that Plaintiffs seek leave to submit a statement of additional material facts of up to 200 paragraphs and a response of equal length to the combined total permitted by this Court for Defendants' memoranda.

WHEREFORE, Defendants, Reynaldo Guevara, Geri Lynn Yanow, as Special Representative of Ernest Halvorsen, Robert DeGraff, Joseph Miedzianowski, Joel Bemis, Robert Biebel, and the City of Chicago respectfully requests this Court enter an order granting them leave to file oversized Memoranda of Law, additional statements of facts in Support of their respective Motions for Summary Judgement, and oversized *Daubert* Motions.

Dated: March 31, 2026

Respectfully Submitted,

/s/ Eileen E. Rosen
*Special Assistant Corporation Counsel*
*for City of Chicago*

Eileen E. Rosen
Theresa B. Carney
Catherine M. Barber
Austin G. Rahe
Lauren M. Ferrise
Sabrina Scardamaglia
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
erosen@rfclaw.com

/s/ Josh M. Engquist
*One of the Attorneys for Defendants Geri*
*Yanow, as Special Representative of Ernest*
*Halvorsen, Robert DeGraff, Robert Biebel,*
*and Joel Bemis*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Kyle T. Christie
Jeffrey Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
jengquist@jsotolaw.com

/s/ Timothy P. Scahill
*One of the Attorneys for Reynaldo Guevara*

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Christiane Murray
Whitney Hutchinson
Misha Itchhaporia
Emily E. Schmidt
Molly Boekeloo
BORKAN & SCAHILL, LTD.
20 S. Clark St., Suite 1700
Chicago, IL 60603
tscahill@borkanscahill.com

/s/ Brian Gainer
*One of the Attorneys for Joseph*
*Miedzianowski*

Brian Gainer
Lisa M. McElroy
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, IL
gainer@jbltd.com