**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ | ) ) | Case No. 23 CV 01737 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Jeremy C. Daniel |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Heather K. McShain |
| | ) | |
| REYNALDO GUEVARA, GERI LYNN | ) | |
| YANOW, as special representative of the | ) | |
| ESTATE OF ERNEST HALVORSEN, JOSEPH | ) | |
| MIEDZIANOWSKI, JOEL BEMIS, GERI LYNN | ) | |
| YANOW, as special Representative of the ESTATE | ) | |
| OF ROBERT DEGRAFF, ROBERT BIEBEL, | ) | |
| and the CITY OF CHICAGO | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
RESPONSE TO SUMMARY JUDGMENT**

NOW COME Defendants, by and through their undersigned counsels, and moving to strike Plaintiffs' Consolidated Response In Opposition To Defendants' Summary Judgment, state as follows:

On May 6, 2026, Plaintiffs filed a "consolidated" response to Defendants Motions for summary judgment. *See* Dckt. No. 334. In a nutshell, Plaintiffs filed one consolidated brief purporting to collectively respond to all four summary judgment motions separately filed in this case by the four separately-represented groups of Defendants (Guevara, Miedzanowski, Biebel/Bemis/Halvorsen/DeGraff, and City of Chicago). Plaintiffs' "consolidated" response brief seriously flouts the rules of this Court regarding the length and content of summary judgment briefs and does so in an egregious fashion. This brief should be stricken.

Plaintiffs' violations include helping themselves to many additional pages of argument than is allowed by the rules of this Court by: (1) brazenly misrepresenting the total page numbers within their

1

brief so that it appears that their "combined" response is **120** pages when it is actually **125** pages; (2) filing a combined brief for all Defendants in order to improperly aggregate the space allotted them to respond to each Defendant's motion in violation of this Court's Standing Order; (3) using dozens and dozens of footnotes within their brief (a total of **60**) to make lengthy substantive arguments in small-font single-spaced format to conceal pagination violations which, if placed within the body of the brief as required, would add 11 additional pages to the already noncompliant brief; and (4) simply helping themselves to in excess of this Court's 30 page limitation to respond to the City's Motion for Summary Judgment (even without taking into account the significant additional space taken by the improper footnoting). *See* Dckt. No. 334. These violations are highly prejudicial to Defendants and wholly noncompliant with the rules.

At the outset, it is (unfortunately) worth noting that playing "fast and loose" with the rules on summary judgment has become a pattern for the firm representing Plaintiffs in this case and has persisted despite numerous admonitions from the courts in this district. As Judge Johnston noted earlier this year in a case involving this same firm, "this is a chronic affliction within [Plaintiff's] firm, Loevy & Loevy, that has plagued this district for over 20 years." *Aska v. Yingling*, 2026 WL 179545, at *6 (N.D.Ill. 2026)(Johnston, J.). Indeed, Judge Johnston detailed **<u>six other instances</u>** in which this firm was criticized by judges in this district for their misconduct in summary judgment filings. *Id.* This includes two instances in the past year or so alone where one judge (Judge Ellis) "sternly admonished" the Loevy firm for their summary judgment filings for "blatantly subvert[ing] the purposes of this Court's summary judgment procedures" and indicated that "future instances" of such conduct "will result in sanctions, up to and including, dismissal of this case" (*see Johnson v. Guevara*, 2025 WL 903813 at *2–3, 6 (N.D. Ill. 2025)) and another judge (Judge Valderrama) held that such violations were "not…just shoddy work" but rather conduct that the Loevy firm "knows better" than to engage in (*Iglesias v. Guevara*, 2025 WL 3171611, at *2 (N.D.Ill. 2025).

In *Aska*, Judge Johnston described the clear prejudice and apparent intent behind such conduct thusly:

> Rule 56 exists for a reason. So does Local Rule 56.1. And so does this Court's standing order on summary judgment….When a litigant disregards these rules and orders, it makes everything more difficult for everyone…And when a litigant—or a law firm—intentionally and pervasively circumvents the rules time and time again, apparently seeking to obfuscate the record in the hopes that the court will simply throw its hands up in frustration, consequences must follow or the cycle of sordid lawyering will never end. *Aska*, 2026 WL 179545, at *1–2.

As a result of this pervasive misconduct, Judge Johnston struck the entirety of the offending submissions filed. *Id.* at *7. Despite these rather serious admonitions and relief entered against their clients as a result, Plaintiffs' counsels have been undeterred by these repeated admonitions and again brazenly flout the rules here.

First, Plaintiffs' blatantly misnumbered their brief to make to appear as if it is 120 pages when it is in reality 125 pages. It is unclear exactly why Plaintiffs believe they were permitted to file the 120/125 page "consolidated" brief they filed in the first place instead of separately responding to the four separate summary judgment motions filed in this case. However, even were Plaintiffs allowed to use a combined 120 pages (30 pages x 4 motions) to respond to all four motions for summary judgment in whatever manner they saw fit (which, as explained below, they are not), they are still well over the limitations set by this Court in its standing order. *See* Judge Jeremy C. Daniel, Case Procedures, Motions-Summary Judgment.[1] Specifically, while Plaintiffs' brief itself purports to end on page 120 (*see* Dckt. No. 334 at 139), the actual number of pages used comprise **125 pages** (excluding table of content and table of authorities). This is because Plaintiffs number the first six pages of their brief properly (*id.* at 15-20) and then **begin pagination anew** re-starting at Page 2 what should be Page 7 (*id.* at 20-21).

---

[1] https://www.ilnd.uscourts.gov/judge_display.php?LastName=Daniel

While Plaintiffs requested (and received) leave to file additional statements of additional fact under Local Rule 56.1, Plaintiffs did not file nor receive leave to file memoranda of law in excess of the otherwise applicable 30 page limitations to respond to any Defendant's motion. *See* Dckt. No. 336. Indeed, *Defendants* had sought additional pages for their opening briefs (*see* Dckt. No. 277) and this request was denied by this Court as unnecessary (*see* Dckt. No. 279). Thus, Plaintiff should have known full well that this Court would not entertain enlarged briefs. But, regardless, Plaintiffs never sought nor received any such leave.

Second, Plaintiffs employ an absurdly excessive number of footnotes to add on yet additional unpermitted space for argument. *See* Dckt. No. 334. With very few exceptions, the footnotes employed by Plaintiffs contain lengthy substantive arguments and case law citations which are, quite obviously, being used to further obfuscate the true length of the noncompliant brief itself. *See id.* at fn. 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 52, 53, 54, 56, 57, 58, 59, 60. Several footnotes contain numerous separate lengthy paragraphs and numerous case citations and/or spill onto an additional page. *Id.* at fn. 8, 12, 22, 58, 60. A close review of these footnotes suggest that they were randomly selected to include argument that could not "fit" into Plaintiffs' already noncompliant brief because they merely continue arguments contained in the body of the brief or interject completely new responsive arguments entirely. *Id.* Defendants calculated the approximate additional space created by these excessive footnotes and these appear to have added **an additional 11 pages** to the brief. *See* Ex. 1-2.[2]

This practice of using footnotes to skirt page limitations is widely held to be improper. *See Prod. & Maint. Employees' Loc. 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1407 (7th Cir. 1992)("We have

---

[2] Defendants created documents copying and pasting the text of the offending footnotes comparing the length such footnotes would have taken had they been included within the body of the brief and spaced/sized as required by Local Rule 7.1. *See* Ex. 1-2. Defendants even gave Plaintiff the benefit of the doubt and did not count 20 of the footnotes which appeared to only comprise a line or two or simply referenced forthcoming and preceding issues even though 20 footnotes itself within a single brief is itself likely excessive.

repeatedly warned litigants and attorneys not to use textual footnotes to evade page limits."); *Fleming v. Cnty. of Kane, State of Ill.*, 855 F.2d 496, 498 (7th Cir. 1988)("... litigants should not attempt to hide excess text in either an appendix or in footnotes."); *Corona v. City of Chicago*, 2025 WL 896937, at *9 (N.D. Ill. 2025) (Daniel, J.) (holding that Plaintiff's argument raised in a footnote in her summary judgment response was waived); *M-1 Holdings, Inc. v. Members 1st Federal Credit Union*, 2025 WL 844022, at *3 (N.D.Ill. 2025)("[T]he real purpose of all those tiny, single-spaced footnotes obviously was to get around Local Rule 7.1. That gambit has been repeatedly denounced by court after court."); *Laborers' Int'l Union of N. Am. Loc. Union No. 783 v. Holland & Hart, LLP*, 715 F. App'x 739 (9th Cir. 2018)(court did not abuse its discretion in sanctioning party for using footnotes to avoid page limits); *In re Rough Rice Commodity Litig.*, 2012 WL 473091, at *1 n.1 (N.D. Ill. 2012)("In their response brief, Plaintiffs have included extensive single-spaced footnotes that include arguments and a multitude of citations.... Plaintiffs' use of footnotes is a blatant attempt to exceed the fifteen-page limit set by Local Rule 7.1 without prior approval of this Court."); *Merix Pharm. Corp. v. EMS Acquisition Corp.*, 2010 WL 481247, at *1 n.1 (N.D. Ill. 2010)("Merix makes excessive use of single spaced block quotations and footnotes in its brief; on any reasonable page layout, Merix's brief would exceed the fifteen-page limit specified in Local Rule 7.1.").

Third, even were Plaintiffs' manipulation of the formatting of their brief not enough, Plaintiffs' brief is grossly noncompliant with this Court's Standing Order. This Court has in place very specific rules relating to the length of briefs on summary judgment motions. Indeed, while the default rule under Local Rule 7.1 limits all briefs to 15 pages, this Court via its Standing Order provides a more generous page limitation, 30 pages, for opening briefs and for response briefs. *See* Judge Jeremy C. Daniel, Case Procedures, Motions-Summary Judgment. This Court's standing order has a specific set of rules that apply to consolidation and incorporation of arguments in multi-defendant and multi-

5

plaintiff cases, however, to ensure that these limitations are not further abused by aggregation in multi-party cases. *Id.* at ¶ 5. Specifically, this Court's standing order states:

> Incorporation by reference is permitted; however, the pages incorporated count against the incorporating party's page limit. For example, if Defendant A moves for summary judgment on Issue A and uses five pages to set forth its position on Issue A, Defendant B can incorporate Defendant A's Issue A arguments by reference. In this example, Defendant B's memorandum of law in support of a motion for summary judgment on any other issues Defendant B raises shall not exceed twenty-five pages, which together with the five pages incorporated on Issue A, totals thirty pages. The aim here is to prevent parties in a multiple-plaintiff or multiple-defendant case from skirting the thirty-page limit.

Defendants scrupulously adhered to these limitations. *See* Dckt. Nos. 280, 288, 290, 292. Specifically, Defendants Biebel, Bemis, Halvorsen, and DeGraff filed a brief comprised of less than 30 pages while Defendant Guevara and Defendant Miedzanowski filed briefs which incorporated portions of the Biebel/Bemus/Halvorsen/DeGraff brief but which counted those incorporated sections against their respective page counts. *Id.* The brief filed by the City of Chicago comprised less than 30 pages. *Id.*

Plaintiffs, on the other hand, entirely ignored these rules and attempted to "game the system" which this Court put in place in its Standing Order. Plaintiffs did not separately respond to the arguments made by the separate groups of Defendants but, rather, lumped everything and everyone together so they could aggregate the space against all Defendants collectively. For example, even ignoring the bloat caused by the improper footnoting: (1) Plaintiffs' brief appears to devote approximately **83 pages** addressing allegations and arguments involving, in whole or in part, Defendant Guevara (Dckt. No. 334 at 15-29, 31-41, 47-86, 90-100, 101-106) despite Defendant Guevara only being permitted 30 pages (including sections incorporated by others); (2) Plaintiffs' brief appears to devote **76 pages** addressing allegations and arguments involving, in whole or in part, Defendants Bemis, Biebel, DeGraff, and/or Halvorsen despite these Defendants only being permitted 30 pages (including sections incorporated by others) (*id.* at 15-20, 23-26, 28-29, 31-40, 53-106); (3) Plaintiffs' brief appears to devote **36 pages** addressing allegations and arguments involving, in whole

or in part, Defendant Miedzanowski (*id.* at 15-29, 37-45, 89-94, 96-101) despite Defendant Miedzanowski only being permitted 30 pages (including sections incorporated by others); and (4) Plaintiff's brief appears to devote **36 pages** addressing allegations and arguments involving Defendant City despite Defendant City only being permitted 30 pages (*id.* at 20, 30, 106-139). In other words, even putting to the side the improper footnoting, Plaintiffs blatantly violated the page limitations on their allotted response to **every single Defendant's motion**.

This Court's Standing Order explicitly does not allow a plaintiff to just "consolidate" all of the pages they have to respond to separate motions and devote whatever number they deem fit to whatever Defendant or claim they want. Plaintiffs are permitted 30 pages to separately respond to each Defendants' separate motion of which the 30 pages for each must include common sections applicable to all Defendants. If Plaintiffs use pages to respond to an argument implicating a specific set of Defendants, that amount counts for the space for **each one** of the Defendants at issue. *See* Standing Order at ¶ 5. This rule exists for good reason. Indeed, were the rule otherwise, Defendants (of which there are 7 total) could have just filed a single consolidated summary judgment motion with common arguments and claimed an entitlement to a whopping 210 pages. This would, quite obviously, have violated both the letter and the spirit of this Court's Standing Order. This Court's rules exist to preclude the exact thing Plaintiffs have done here, which is to combine arguments and aggregate pages to skirt the 30 page rule.

This gamesmanship is highly prejudicial and unfair. As currently written, for example, Defendant Guevara would need to reply to 83 pages of argument in 15 pages inclusive of adopted responsive arguments from other co-defendants and arguments made only by him, Bemis, Biebel, DeGraff, and/or Halvorsen would need to reply to 76 pages of argument in 15 pages inclusive of adopted responsive arguments from other co-defendants and arguments made only by them, etc. And, again, the true number of pages needing a reply is actually much more because of the excessive use of

footnotes to present substantive arguments. This is simply untenable and profoundly unfair to all Defendants. This is clearly not what this Court has contemplated.

The firm representing Plaintiffs in this case "know better" (in the words of Judge Valderrama) and nonetheless continue to flout the rules on summary judgment despite being repeatedly admonished for doing so. This repeated game playing should not be tolerated and is highly prejudicial to these Defendants. Plaintiffs in this case appear dead set on making the summary judgment process an indecipherable morass in hopes that this Court (and Defendants) will simply throw up their hands in frustration so that Plaintiff can proceed unabated toward trial without any organized legal scrutiny into their claims which suffer from numerous legal and factual deficiencies. Plaintiffs' brief should be stricken in its entirety.

WEHEREFORE Defendants pray this Court strike Plaintiffs' Consolidated Response in Opposition to Defendants' Motions for Summary Judgment and for whatever other relief this Court deems fit.

Respectfully submitted,

By: /s/ Timothy P. Scahill
Special Assistant Corporation Counsel
Timothy P. Scahill
Steven B. Borkan
Misha Itchhaporia
Whitney Hutchinson
Molly Boekeloo
Borkan & Scahill, Ltd.
20 S. Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030
*Attorneys for Reynaldo Guevara*

By: /s/ Eileen E. Rosen
Special Assistant Corporation Counsel
Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker 19th Floor
Chicago, Illinois 60606
(312) 494-1000
*Attorneys for Defendant City of Chicago*

By: /s/ Josh M.Engquist
Special Assistant Corporation Counsel
James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Elizabeth R. Fleming
Kyle T. Christie

8

Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
*Attorneys for Individual City Defendants*

By: /s/ Brian P. Gainer

Special Assistant Corporation Counsel
Brian P. Gainer
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
Tel: (312) 372 0770
Fax: (312) 372-9818 Email:
gainerb@jbltd.com
*One of the Attorneys for Defendant Joesph
Miedzianowski*

9