IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JUAN HERNANDEZ, et al. | ) | Case No. 23-cv-1737 |
|  | ) |  |
| *Plaintiffs,* | ) | Hon. Jeremy C. Daniel, |
|  | ) | District Judge |
| *v.* | ) |  |
|  | ) | Hon. Heather K. McShain, |
| REYNALDO GUEVARA, et al. | ) | Magistrate Judge |
|  | ) |  |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' RESPONSE TO SUMMARY JUDGMENT**

**INTRODUCTION**

The stakes are enormous for Defendants' pending motions: Whether two brothers who spent a combined 50 years in prison before being exonerated and receiving certificates of innocence will get a trial to redress the living nightmare Defendants caused them. Defendants have filed four briefs, arguing that all claims against each Defendant should be dismissed, including a motion from Defendant Guevara, who has pleaded the Fifth about his misconduct in this case, Dkt. 280; one from Defendant Miedzianowski, who is serving a life sentence in federal prison for running a criminal drug enterprise out of the CPD that Plaintiffs have evidence was the motive for framing them, Dkt. 288; and one from the City, which has repeatedly lost trials on the same *Monell* theories in past cases. Dkt. 292. All the motions ignore that every Court in this District to be presented with similar motions in Guevara cases thus far have denied the motions substantially or in their entirety.

Defendants nonetheless plow ahead in seeking summary judgment. They do so by ignoring much of the record evidence, asserting there are no disputes of fact, and requiring Plaintiffs to provide a fulsome factual account on all points. They make cursory arguments for dismissal in two to three sentences, which require Plaintiffs to provide a detailed examination of the case law and apply it to the facts. And they incorporate one another's arguments in a single sentence, when the response to those incorporated arguments necessarily varies from Defendant to Defendant.

Put simply, Defendants' indignation over Plaintiffs' response is misplaced. After filing a series of voluminous motions that contain a number of meritless arguments that have been repeatedly rejected by Judges in this District, Defendants now move to strike Plaintiffs' response that provides the Court with the complete factual record and relevant caselaw to ensure a ruling on the merits that reflects the enormity of this case for Juan and Rosendo Hernandez. With the exception of one argument, addressed directly below, Defendants' arguments lack merit and this Court should deny their motion.

## ARGUMENT

### A. Defendants' Arguments About Plaintiffs' Exceeding 120 Pages of Briefing

Defendants are correct that there was an error in Plaintiffs' page numbering on the submitted brief, causing Plaintiffs to believe their brief was 120 pages when in fact it was 125 pages. Plaintiffs' counsel investigated the issue, and it appears that the Word template and document-sharing application that were used introduced the error, and counsel did not catch it before filing. Correcting for the formatting error and using the proper template, the brief was actually 121 pages. Plaintiffs have corrected the error, cut a page, and now seek leave to file their corrected 120-page brief, which is attached as Exhibit A. Plaintiffs apologize for that error.

### B. Defendants' Remaining Arguments Lack Merit

Otherwise, Defendants' arguments to strike lack merit. Defendants argue that Plaintiffs have submitted too much briefing, when any reasonable view of the summary judgment motions show it is Defendants who have exceeded the Court's page limitations. First, Defendants do not appear to dispute that Plaintiffs should get a total of 120 pages to respond to Defendants' motions, which add up to 120 pages together, once the incorporation of arguments is considered, consistent with this Court's standing order. Defendants' motions, however, are actually longer than Plaintiffs' response. Unlike Plaintiffs, who provided a fact section in their brief summarizing the material disputed facts relevant to resolving the motions, Defendants provided a one-page fly-over of the facts in one brief, and then they incorporated into other briefs their statements of fact, adding dozens of pages to their presentation. Dkt. 290 at 2-3, n.3 (incorporating 30 pages of facts by reference); Dkt. 280 at 2 (same); Dkt. 288 at 1-7 (same); *cf.* Dkt. 292 (City brief, containing no factual summary, implicitly incorporating 54-page statement of fact). In other words, Defendants simply pointed to statements of facts, asserted there are no disputes without explaining, and left the Court to sort it out. Instead of calling out this gamesmanship, as they could have, Plaintiffs responded on the merits.

But that is not the only way in which Defendants' own submissions undermine their motion to strike. Defendants complain Plaintiffs filed a brief with footnotes, which is a proper and customary way to provide additional caselaw support that may be of assistance to the Court, and was not a workaround to avoid page limitations. Meanwhile some of Defendants filed their briefs using the font Garamond, a condensed font that reduced the page count substantially to remain within the limits. If Plaintiffs did nothing more than re-file their existing brief in Garamond rather than Times New Roman, it would be something like 110 pages, instead of 120.

3

Moreover, Defendants filed four motions that present some different facts and arguments, a lot of similar facts and arguments, and dozens of instances of cross-referencing arguments and facts of all Defendants, all of which makes it extremely difficult to unpack, and then to respond to in a way that delineates which arguments apply to one defendant, multiple defendants, or all defendants. And they made many arguments to throw out a claim in two or three sentences—as Defendants do often—and it is much more space-consuming to response to cursory assertions that have grave implications for a client. Consider as one example the "anonymous tip" section of Guevara's brief, Dkt. 280 at 3-4, which makes at least four distinct factual and legal arguments in the space of one page, requiring multiple pages of responses. Where those cursory arguments are incorporated by others, the space required to respond multiples. Still, Plaintiffs have tried their best to efficiently use their pages to assist the Court in considering the relevant disputed facts and caselaw in order to provide a correct ruling on the merits, and they have tried to avoid redundancy.

At its core, this is not a summary judgment case, and a trial is necessary. That has been true of every other Guevara case in which Defendants have sought to dismiss all claims, each time unsuccessful. Plaintiffs have their own perspective about Defendants abusing the summary judgment process, but they have chosen instead to respond to the substance of Defendants' motion on the merits, as efficiently as possible. In addition to any other direction from the Court, Plaintiffs respectfully seek leave to file a corrected brief, using the correct formatting to remove a page so the brief is not over 120 pages (Ex. A).

Plaintiffs respectfully request the Court deny Defendants' Motion to Strike Plaintiffs' Response to Summary Judgment and grant Plaintiffs leave to file a corrected brief.

Dated: May 14, 2026

RESPECTFULLY SUBMITTED,

**JUAN HERNANDEZ & ROSENDO HERNANDEZ**

By: /s/ Anand Swaminathan

*One of Plaintiffs' Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900